Hitson v. Forrest.

See this case for a charge of the Court, in an action for malicious prosecution, which was held erroneous because the jury were given to understand, that the liability of the defendant depended upon the motives by which he was actuated, and that if he was actuated by malice and a desire for revenge, that was sufficient, without looking further to see whether or not he had probable cause.

Both malice and want of probable cause must concur, to sustain an action for malicious prosecution.

Error from Rusk. This was an action for damages for malicious prosecution. The defendant had made affidavit before a Justice of the Peace and procured a warrant to issue against the plaintiff, on a charge of stealing corn. The plaintiff was taken into custody, and on his examination before the Justice, was discharged. He introduced evidence to establish his good character. The defendant answered a general denial and probable cause, and introduced evidence to establish probable cause.

The Court gave to the jury the following charges, to which the defendant excepted:

" This is an action for damages alleged to have been sustained by the plaintiff, by reason of a malicious prosecution instituted against him by defendant, from which prosecution he was discharged.

" This is one of the class of cases in which the liability of the defendant depends solely and entirely upon the intent with which he instituted the prosecution against the plaintiff, before the Justice of the Peace.

" It is right, nay it is the duty of every good citizen, to enforce the laws against evil doers, and it would not be right or proper to hold a party who, in the honest discharge of his duty, had procured the arrest of a party, whom he had good reason to believe had committed a misdemeanor or a felony,

" to accountability in damages. On the other hand, the per-
" son and character of every man is sacred in the eye of the
" law, and it is considered highly reprehensible in any man or
" set of men, for the gratification of malicious feelings, hatred
" or ill will, to invoke the aid of the law, which is only in-
" tended as an ægis of protection, and should never be con-
" verted into an engine of oppression. The discharge of the
" prisoner by the Justice of the Peace will have no other ef-
" fect upon your minds than simply to establish the right of
" action in this Court.

" You must take all the circumstances, and come to a con-
" clusion, as to what was the intent of Jesse Hitson, in insti-
" tuting this prosecution against the plaintiff. Was it to bene-
" fit society, to further the ends of justice, to punish a misde-
" meanor, that he honestly believed to have been committed ?
" If you believe it was, you must acquit the defendant. On
" the other hand, was it in revenge for the circulation of the
" charges against Hitson's character, connected with the let-
" ter ? Was it through malice, hatred or ill will, that he in-
" stituted the suit ? If you believe that it was, you should
" find for the plaintiff such damages as in your opinions would
" be an ample satisfaction for the damage sustained in person,
" character and feeling, by the plaintiff."

The defendant asked the following charges :

1st. If the jury believe from the testimony that Hitson, the
defendant, had probable cause to believe that Forrest was guilty
of stealing his corn, the plaintiff cannot recover in this case,
notwithstanding he was acquitted or discharged by the ma-
gistrate.

2nd. That where a person prosecutes another for an al-
leged crime, through malice, yet if he had probable cause to
believe him guilty, the prosecutor is not liable for such prose-
cution.

4th. That the jury in determining the case, must do so on
the facts and circumstances proven on the stand.

Which the Court refused, and defendant excepted ; where-

21

upon the Court gave said charges with the following qualifi-
cations : " I give these charges with this qualification of what
" constitutes probable cause, which I charge the j ry must
" have its origin in a desire to promote the public good by
" instituting the prosecution, and not solely to gratify a ma-
" licious feeling."

Defendant asks the Court to charge the jury, that unless
plaintiff Forrest prove there was malice and want of probable
cause for arresting him upon charge of stealing corn, he, Forrest,
cannot recover in this action.

To this charge the Court replied, " I do not give the charge,
" though I recognize the abstract principle contained in it.    I
" think that it is embraced in the charge asked by defendant
" and in my general charge to the jury."

Verdict and judgment for plaintiff.    Defendant prosecuted
this writ of error.


*Henderson & Jones*, and *Hyde*, for plaintiff in error.    The
Judge erred in his charge to the jury, when he said to them,
that " The discharge of the prisoner, by the Justice of the
" Peace, will have no other effect upon your minds, than
" simply to establish the right of action in this Court."    This
certainly was wrong, because, to establish the plaintiff's right
of action, other facts were necessary.    (Petersdorff's Abridge-
ment, vol. 12, note to p. 431.)

The mere fact of his discharge did not even raise a presump-
tion of a want of probable cause, according to the decision of
this Court (Griffin v. Chubb, 7 Tex. R. 603 ;) much less es-
tablish that fact ; it did not establish the fact of the termina-
tion of the prosecution, nor any other of those ingredients,
which were necessary to base this action upon.

The Judge erred in his charge to the jury.    For the whole
tenor of that charge went to this effect, that, if the intent of
the defendant, in instituting the criminal prosecution, was
malicious, that alone was sufficient to authorize them to find
for the plaintiff.    This was wrong ; for let a prosecution be

ever so maliciously carried on, yet if there be a probable cause or ground for it, an action for a malicious prosecution will not lie. (Petersdorff's Abridgement, vol. 12, p. 419, Sec. 18.) Because the essential ground of this action is not that a criminal prosecution was carried on maliciously, but that it was carried on without probable cause. This (in the language of Mr. Phillips) is emphatically the essential ground, because every other allegation may be inferred from this; but this must be substantially and expressly proved, and cannot be implied. From the want of probable cause, malice may be and most commonly is implied, the knowledge is also implied. But the want of probable cause cannot be implied from the most express malice. A man from a malicious motive, may take up a prosecution for real guilt, or from circumstances which he really believes, he may proceed upon apparent guilt; and in neither case is he liable to this kind of action. (Phillips' Evidence, vol. 2, p. 112.) Again, the Judge in effect charged the jury, that if malice was proven, that alone would authorize them to infer a want of probable cause. Now this was wrong, for this Court has decided that the want of probable cause is not to be inferred from the most express malice. (Griffin v. Chubb, 7 Tex. R. 603.)

The verdict of the jury must doubtless have been influenced by the erroneous charges of the Judge, for it was contrary to the facts proven upon the trial, as will clearly appear by the statement of facts.

*J. C. Robertson,* also, for plaintiff in error. The first charge asked by the defendant, and refused by the Court, embodies an unquestionable principle of law; one which has never been decided otherwise. The second charge, I venture, has never been questioned in any Court. The third is no less correct. These charges the Court refused to give, the effect of which was to induce the jury to believe that what was there stated was not the law, but in the next breath, after the minds of the jury have been turned a particular way, the Court

says he gives the charges with a qualification; and the quali-
fication is as far from being the law as the refusal of the
charges asked.

That probable cause must have its origin in a design to pro-
mote the public good, by instituting the prosecution, is a pro-
position nowhere recognized in any of the books. The true
doctrine is, that if probable cause for instituting the prosecu-
tion exists, at all, it is a full defence to the plaintiff's action.
And again, that it should have its origin in the promotion of
the public good is a new principle also, which has not yet
found its way into the books. I admit that if the prosecution
was instituted solely to gratify a malicious feeling that the
defendant would be liable in this proceeding, but this is but
a part of this qualification, and there is such a strange mixture
of truth and error, that they cannot be repeated by any sort of
analysis, especially by a jury of the country.

*Pitner* and *Casey*, for defendant in error. It is too late to
except to a charge of the Court, after the adjournment of that
Court. " All exceptions to the charge of the Judge, or to his
" refusal to charge, should be made as they occur; and then,
" if signed and sealed by the Judge during the Term, it will
" be sufficient. If such exceptions are not taken until after
" the trial of a cause, they cannot be considered in the appel-
" late Court." (3rd Tex. R. 400.) It will appear from the bill
of exceptions, that the plaintiff and not the defendant excepted
to the general charge of the Court, and of that exception the
plaintiff desires to take no advantage, as he believes the charge
entirely correct and unexceptionable. There was no error in
the limitations or qualifications of the charges asked by de-
fendant in paper, marked No. 2. All the charges asked were
given with an explanation of what constitutes probable cause,
" that it must have its origin in a desire to promote the pub-
" lic good by instituting the prosecution, and not solely to
" gratify a malicious feeling." This definition of probable
cause is substantially that given by Greenleaf, (2 Greenl. Ev.

Sec. 454,) where it is said, " Probable cause for a criminal " prosecution is understood to be such conduct on the part of " the accused, as may induce the Court to infer, that the prose- " cution was undertaken from public motives." If this quali- fication be taken in connexion with the general charge of the Court, it certainly was more favorable to the defendant than he could expect, as appears from the quotation last made from Greenleaf. The Judge, in his general charge, says, " It is " the right, nay it is the duty of every good citizen to enforce " the laws aganist evil doers, and it would not be right or " proper to hold a party, who, in the honest discharge of his " duty, had procured the arrest of a party, whom he had good " reason to believe had commited a misdemeanor or a felony, " to accountability in damages." " Where several instructions " taken together, present the law of the case fairly to the jury, " the judgment will not be reversed on the ground that one or " more of the instructions, taken separately, were improper, " unless it appears from the statement of facts, that the jury " may have been misled. (6 Tex. R. 427.)

If this Court is satisfied that justice has been done, and that a reversal of the case could not benefit the defendant, surely it will not be remanded. (See 6 Tex. R. 379, 398, 489 ; 4 Tex. R. 72 ; 2 Tex. R. 305 ; 8 Tex. R. 222, 439, 460.)

WHEELER, J. In the instructions given by the Court, and in the rulings upon those asked by the defendant, a promi- nence and importance were given to the motives and intentions of the defendant, in instituting the prosecution, which neces- sarily made these the controlling consideration in the estima- tion of the jury in deciding upon the right of the plaintiff to recover. It does not require comment upon the language of the charge, to render it perfectly clear and indisputable, that the jury were given clearly to understand, that the liability of the defendant depended upon the motives by which he was ac- tuated ; and that if he was actuated by malice, and a desire for revenge, that was sufficient without more, to fix his lia-

bility for whatever injury the plaintiff may have sustained by reason of the prosecution.  It does not admit of controversy, that the case was made to turn solely on the malice, the *quo animo*, the motives and intentions of the defendant.  Yet, nothing can be better settled than that it is not enough that the prosecution may have been malicious ; it must also have been without probable cause.  " The plaintiff must also show, " that the prosecution was instituted maliciously, and without "probable cause ; and both these must concur.  If it were " malicious, and unfounded, but there was probable cause for " the prosecution, this action cannot be maintained."  (2 Greenl. Ev. Sec. 453 ; 2 Stark. Ev. 680 ; 7 Tex. R. 603 ; 8 Id. 151.)  And, in his defence, the defendant is not confined to the evidence given in the prosecution ; but he may show that he acted *bona fide* upon the opinion of a professional adviser ; and, in a word, " the defendant may give in evidence " any facts which show that he had probable cause for prose- " cuting, and that he acted *bona fide*, upon that ground of " suspicion."  (2 Stark. Ev. 685, 7th Am. from 3rd London Edit. ; 7 Tex. R. 610 to 612.)  But " it must appear that the " facts, or so much of them as was sufficient to induce the be- " lief, were communicated to the defendant, before he com- " menced the prosecution."  (2 Greenl. Ev. Sec. 454.)

The law is too well settled upon the questions presented by the record, to require a more particular examination and consideration of them, in reference to the arguments of counsel.

In answer to the argument of counsel for the appellee, upon the credibility of witnesses, and the weight to which the statements of particular witnesses were entitled, in their variant and conflicting testimony, it will suffice to observe, that these were questions exclusively for the consideration of the jury ; and which can with no propriety be drawn into discussion in this Court.

We are of opinion that the Court erred in the instructions to the jury, and that the judgment be therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.