TRINITY COUNTY V. E. L. VICKERY ET ALS.

(Case No. 2178)

1. COUNTY TREASURER — COMMISSIONS — ORDER OF COMMISSIONERS' COURT CHANGING RATE NOT RETROACTIVE—The treasurer of a county is entitled to his percentage on moneys in the county's possession, at the rate prescribed by the law in force at the time of the receipt thereof, though another custody, not contemplated by law, is provided for it; and an order of the commissioners' court changing the rate of his compensation is not retroactive. (Citing Wall *v.* McConnell, *supra*.)

2. SAME—ART. 677, REVISED STATUTES—Article 677, Revised Statutes, has no application to a suit brought by a county against its treasurer to recover money alleged to have been improperly withheld by him, as commissions.

APPEAL from Trinity.    Tried below before the Hon. Benton Randolph.

This was a suit brought by Trinity county against E. L. Vickery, the county treasurer, and the sureties on his official bond, to recover $935, alleged to have been retained by him as commissions, in excess of what he was entitled to under the law.

On November 3, 1883, which was during Vickery's incumbency in office, the commissioners' court of Trinity county received from the sale of the county's bonds, for court house and jail purposes, the sum of $24,000.    None of this money was ever in the custody of Vickery, but the commissioners retained the whole of it in their own hands, and disbursed, during his term of office, $12,000 of the amount— $7,500 prior, and $4,500 subsequently, to August 11, 1884.    On that date, the commissioners' court passed an order allowing Vickery a commission of one-fourth of one per cent. on the amount received for the bonds, and a like commission on such part thereof as had been, or might thereafter be, disbursed during his incumbency.    Under the law prior to August 11, 1884, the county treasurer was entitled to two and one-half per cent. on all moneys received, and to the same on all disbursements ; and, in his final settlement with the county, Vickery credited himself with such commissions on the $24,000 received, and the $7,500 disbursed, before August 11, 1884, and with one-fourth of one per cent. on the $4,500 disbursed after that date, which several commissions, together with commissions on other disbursements, etc., made by himself, amounted to $935.    This amount he retained out of funds, then in his hands belonging to the county.

The defendants defended the action, and the court, who tried the cause without the intervention of a jury, rendered judgment in their favor.    Plaintiff appealed.

*Rabb & Stevenson* and *G. W. Granbury*, for appellant, that the appellee was not entitled to commissions on funds of the county that he had never actually received or disbursed, cited :   DeCordova *v.* City of Galveston, 4 Tex. 473 ; Hamilton *v.* Flinn, 21 Tex. 713 ; Martin *v.* The State, 24 Tex. 75-77 ; Sherwood *v.* Flemming, 25 Tex. supp. 428 ; Bender *v.* Crawford, 33 Tex. 750-752;   Wright *v.* Hawkins, 28 Tex. 471 ; City Treasurer *v.* Wygall, 46 Tex. 457-462 ; Chalk *v.* Darden, 47 Tex. 439, 440.

That the commissioners' court, alone, was authorized to fix the rate of the county treasurer's commissions, and the appellee was, at most, entitled only to such commissions on the court house and jail fund as had been allowed him by that court's order, made August 11, 1884, they cited :   R. S., 2403.

That the claim of the appellee for commissions was in the nature of a debt against the county, and, before retaining the money in satisfaction of it, he should have presented his claim to the commissioners' court for allowance, they cited: R. S., 677.

*Earle Adams*, for appellee, that a county treasurer is entitled to commissions on all county funds received and disbursed during his term of office, at the rate prescribed by the law in force at the date of such receipts and disbursements, notwithstanding such funds may have been received and disbursed by some person other than himself, cited: R. S., 990, 994.

ROBERTSON, ASSOCIATE JUSTICE.—The right of appellee, Vickery, to the commissions in controversy in this suit, is fully established by the decision of this court, at this term, in the case of Wall *v.* McConnell. It was held in that case that the treasurer is entitled to his percentage on moneys in the county's possession, though another custody, not contemplated by law, is provided for it, and that an order changing the rate of compensation is not retroactive.

The plaintiff's averment in the supplemental petition, that the defendant had reserved the sum due him from the sinking fund provided for the bonded indebtedness of the county, is not sustained by the evidence. It is shown in the statement of facts that a tax of one-half of one *per cent.* had been levied for court house and jail fund, and that one-half of this, by order of the county board, had been *invested* as a sinking fund, and that from the proceeds of the entire levy of one-half of one *per cent.* the treasurer had paid, on a warrant, $1,850, and interest on school fund, $117.75, and from the same source had reserved his $935 commissions. One-fourth of one *per cent.* is all the law authorizing the issue of the bonds required to be appropriated for their payment, and this amount the county board has caused to be invested. The remaining proceeds of the half *per cent.* levy belonged to the court house and jail fund, which owed appellee the commissions, and from that, it would seem, he reserved the sum due him.

The bond creditors had an interest in the sinking fund, probably inconsistent with the power given the commissioners' court in article 969, Revised Statutes (Dillon on Mun. Cor., sec. 69), but no such question is raised by the proof in this case.

Article 677 of the Revised Statutes has no application to this suit. Appellee has brought no action against the county. In legal effect, applying the law as announced in Wall *v.* McConnell, to the acts and

orders of the commissioners' court, that court had allowed appellee's claim for the $935, and, as treasurer, the appellee had paid it. The facts do not show that he paid it from an improper fund.

As the appellant had no cause of action against the principal, the ruling of the court below, as to the liability of the sureties, becomes immaterial. The judgment is affirmed.

AFFIRMED.

[Opinion delivered February 23, 1886.]