ED. SEBASTIAN v. ANDREW CHENEY.

No. 110.

1. Malicious Prosecution—Facts Negativing Criminal Intent.

A tenant having a money claim against his landlord, sold cotton grown upon the land, in which the landlord had one-fourth interest; the proceeds of the sale the tenant held in satisfaction of the claim. This was not a crime, and the facts may be shown in an action for malicious prosecution by the tenant against the landlord, who had caused the tenant's arrest upon a charge of theft of the cotton; explanatory of the act of the tenant in appropriating the proceeds of the sale of the cotton, and to show malice on part of the landlord..................... 499

**2. Same—Using Criminal Process to Collect a Debt.**
See facts in which it was proper to charge the jury that " no one can invoke the criminal law to merely have decided any civil question affecting the indebtedness due from one citizen to another, or any other civil right; and if you find from the evidence that S. knew that C. did not steal or embezzle his cotton, but his object in instigating the criminal prosecution * * * was to obtain the payment to him by C. of his part of the rent cotton, then the defendant (S.) is liable to the plaintiff (C.) in damages.".................................... 500

**3. Advice of County or District Attorney.**
When honestly sought, and a fair statement is made to the official prosecutor, his advice upon such statement is a defense against an action for malicious prosecution grounded on the advice so given........... 504

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Grayson County.

*Charles Crenshaw* and *J. W. Finley*, for plaintiff in error. — 1. The seventh paragraph of the charge [see opinion] was on the weight of evidence, gave undue prominence to the theory that the prosecutions were instituted to collect money, and so presented that theory that the jury may have believed that defendant would be liable if he knew the facts, and those facts did not constitute theft or embezzlement, though he may have acted upon an honest reasonable belief, and upon the advice of the county attorney and of other counsel learned in the law. It made defendant pass upon the legal effect of the facts, and took away his defense of probable cause. Goodbar, White & Co. v. Bank, 78 Texas, 470; Pasture Co. v. Preston & Smith, 65 Texas, 452; Wood v. Chambers, 20 Texas, 252; Gray v. Burk, 19 Texas, 232; Railway v. Anderson, 79 Texas, 435; Railway v. Wilson, 60 Texas, 142; 2 Willson's C. C., secs. 693, 694, and authorities; Holt v. Follett, 65 Texas, 554; Gabel v. Weisensee, 49 Texas, 131; Griffin v. Chubb, 7 Texas, 603; Decatur v. Paulding, 14 Pet., 607; Jacobs, Bernheim & Co. v. Crum, 62 Texas, 407; Railway v. James, 73 Texas, 22; Hurlbut v. Boaz, 23 S. W. Rep., 446.

2. Defendant acted upon the advice of the county attorney and his assistant, both learned in the law, given upon a full and fair statement of the facts, and he is not liable. Towns. on Sland. and Libel, secs. 425, 418, and note 2; Potter v. Seale, 8 Cal., 220; 4 Wait's Act. and Def., 338, 339, 342, 346, 354, 355; 2 Greenl. on Ev., 459; Cool. on Torts, 183; 14 Am. and Eng. Encycl. of Law, 53–57, and notes; 3 Suth. on Dam., 708; Griffin v. Chubb, 7 Texas, 603; Ramsey v. Arrott, 64 Texas, 320; Shannon v. Jones, 76 Texas, 148; Jones v. Jones, 71 Cal., 92; Dennis v. Ryan, 65 N. Y., 385; Plath v. Braunsdorff, 40 Wis., 112; Smith v. Austin, 49 Mich., 286; Yocum v. Patty, 1 B. Mon., 358; Thompson v. Lumley, 50 How. Pr., 105; Richardson v. Virtue, 47 Thomp. (N. Y), 441; Hahn v. Scmidt, 64 Cal., 284; Ganea v. Railway, 51 Cal., 140.

BROWN, ASSOCIATE JUSTICE.—Cheney sued Sebastian in the District Court of Grayson County to recover damages for malicious prosecutions of plaintiff, alleged to have been caused and maintained by defendant with malice and without probable cause.

Defendant answered, alleging, that the plaintiff had rented land from him under a contract that he, plaintiff, would cultivate and gather the crop upon the land and deliver to defendant one-fourth of the cotton raised thereon; that plaintiff had sold about $96 worth of the cotton, had appropriated the defendant's interest (one-fourth part) to his own use, without the consent of the defendant, and had fled the country; that defendant made a fair statement of the facts to the county attorney of Grayson County, who prepared affidavits for defendant to swear to, and in his official capacity the said county attorney instituted the prosecutions complained of.

Plaintiff filed a supplemental petition, in which, among other things, he alleged, that defendant was indebted to him in a sum much greater than the interest of defendant in the cotton sold; that he had tried to secure a settlement with defendant; had failed, and kept the money for the cotton to pay himself in part what the defendant owed him; that defendant knew that he was retaining it for that purpose, and did not object.

Defendant excepted to the supplemental petition in so far as it set up the indebtedness of defendant to plaintiff, because it was irrelevant to the issues in the case. The court overruled the exceptions, which ruling was sustained by the Court of Civil Appeals.

The facts alleged show that plaintiff had a three-fourths interest in the cotton, and the right to sell it. It is not a case in which a creditor seized the property of his debtor without process, selling it to pay his debt, but plaintiff having the lawful possession of the fund, and claiming an indebtedness against the defendant, retained it in satisfaction of a claim honestly made. Where money is retained under such circumstances it is not a crime. Ross & Co. v. Innis, 35 Ill., 487.

It was admissible to prove the facts alleged for the purpose of explaining the acts of plaintiff, and also to show the knowledge of defendant, as evidence of malice on his part. The court did not err in overruling the defendant's exceptions to the third supplemental petition.

Plaintiff in error complains of the seventh clause of the charge given by the court, which is as follows: "In this State no one can invoke the criminal law to merely have decided any civil question affecting the indebtedness due from one citizen to another, or other civil right; and if you find from the evidence that Sebastian knew that Cheney did not steal or embezzle his cotton, but his object in instigating the criminal prosecution or prosecutions, if you find that he did instigate such prosecutions, was to obtain the payment to him by Cheney of his, the defendant's,

part of the rent cotton, then the defendant is liable to the plaintiff in damages.''

It is objected that this charge is upon the weight of the evidence. We think that the charge announces a correct propostion of law. Gabel v. Weisensee, 49 Texas, 131; Holt v. Follett, 65 Texas, 554. The charge guards the interests of the defendant by requiring that it should appear that the defendant *knew* that plaintiff was not guilty as he charged before he could be held liable in damages, which was more favorable to defendant than the law justified. If there was no probable cause for the prosecution, and defendant instituted it to collect his demand, he would be liable. The charge of the court as a whole is a fair presentation of the law upon the issues submitted by it.

The Court of Civil Appeals filed conclusions of fact, which are as follows:

''At the time appellee took the cotton he claimed that appellant was indebted to him in a sum greater than the value of one-fourth of the cotton. This liability was denied by appellant.

'' In a few days after the cotton was taken, appellant went to the county attorney at Sherman, and was by him referred to his assistant, Mr. Wood. Appellant related the facts to Mr. Wood, except as to the claim of indebtedness made by appellee against him. R. R. Hazlewood, an attorney, came into the office while they were talking over the matter, and Mr. Wood stated the case to him, and asked what he thought of it. Hazlewood turned to the statute upon embezzlement, and told him if that law did not cover the case there was no law that did. Mr. Wood then prepared a complaint against the appellee for embezzlement of cotton over the value of $20, and appellant signed and swore to it before a justice of the peace. Upon the complaint a warrant was issued, and under it appellee was arrested in Bell County, brought to Grayson County, was kept in jail about six days, and was carried before the justice of the peace, appellant appearing as prosecuting witness, and was discharged without trial, the case being dismissed at the suggestion of Mr. Wood.''

Upon appellee being discharged from the first complaint, appellant made complaint against him for the theft of the cotton, under the advice of Mr. Wood, upon which he was arrested, had an immediate hearing, and was discharged by the court, appellant testifying against him.

The court further finds, in substance, that in the month of March, 1889, the county attorney suggested to Sebastian to go before the grand jury, which he failed to do; whereupon the county attorney had him subpœnaed, and the grand jury indicted Cheney for theft of the cotton. When before the grand jury Sebastian said that he thought the matter was ended before the justice of the peace; that he had tried twice before the justice of the peace, and failed to get his money, and he wanted nothing more to do. with it. Cheney was arrested under the indictment, but

the county attorney dismissed the case for want of evidence to support the charge.

Plaintiff in error insists that a new trial should have been granted him, because there was no evidence to show want of probable cause; in fact, that the undisputed evidence shows that he had advised the county attorney of the facts, who acted in his official character in preferring the charges. The Court of Civil Appeals overruled this assignment of errors, not because the plaintiff in error failed to disclose the facts, but upon the broad proposition that the action and advice of the county attorney did not constitute a defense. The finding of the Court of Civil Appeals does not include the important fact that Sebastian knew of plaintiff's claim that he was holding the money in settlement of a claim against him at the time he made the complaint.

The sufficiency of facts found by the Court of Civil Appeals to support the verdict is a question of law, upon which this court will revise the judgment of that court.

The decisions of this court have settled the doctrine, that " the advice of an attorney, upon a full and fair statement of all the facts, will not justify a prosecution; it is not a complete defense; it is a fact to be considered by the jury, and they may still find malice and a want of probable cause, notwithstanding such advice. Ramsey v. Arrott, 64 Texas, 324; Glasgow v. Owen, 69 Texas, 170; Shannon v. Jones, 76 Texas, 76.

After citing and quoting from the above cases, the Court of Civil Appeals say: " But counsel for appellant urge that in the cases cited the lawyers consulted were private counsel and not official prosecuting officers, and that where the regularly constituted prosecuting officers are consulted, their advice should be held a complete defense. Prosecuting officers in this country do not stand on a higher plane of learning and ability than their brethren of the profession who do not hold office, nor are they held in higher esteem for honor and integrity of purpose. If this be true, and it can not be doubted, there is no good reason why the advice of a county or district attorney should be treated as a more effective shield than that of the private lawyer, who is also an officer of the court, and entitled to its confidence and respect. Where the prosecution is instituted by the prosecuting officer, and the party required to make the complaint and testify in the case, he does not incur liability for malicious prosecution, as he does where he voluntarily procures such prosecution to be instituted and carried on."

The Code of Criminal Procedure prescribes the duties of district and county attorneys as follows:

"Article 35. Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing, and cause the same to be signed

and sworn to by the complainant, and it shall be duly attested by said attorney,'' etc.

"Article 36. If the offense be a misdemeanor, the attorney shall forthwith prepare an information and file the same, together with the complaint, in the court having jurisdiction of the offense. If the offense charged be a felony, he shall forthwith file the complaint with a magistrate of the county, and cause the necessary process to be issued for the arrest of the accused.''

The law as above quoted authorizes the making of complaint before a county or district attorney; that is, any person knowing of an offense against the law is authorized to state the facts to such officer, whose duty it is to determine whether or not an offense against the law has been committed, and what character of offense the facts disclose. It is made his duty to reduce the complaint to writing, cause it to be sworn to, and to prosecute the case in the proper court. The county attorney must be a duly licensed lawyer; he stands accredited by the State as competent to judge of the "complaint" when made. The question involved in this case is, If a citizen in good faith, fairly and honestly communicate to the county attorney all of the facts known to him concerning the charge of which he makes complaint, shall he be held responsible in damages at the suit of the accused, if the attorney, the officer of the State, make a mistake in determining as to whether or not there is probable cause for the prosecution? If the lawyer of the State makes a mistake, is the citizen to be held to answer for it?

We have carefully examined the authorities upon this question, and find quite a conflict as to the effect that advice of private counsel shall have in defense of such actions. Some States hold with ours, and others hold that advice of any lawyer of good standing, whether State's counsel or not, when honestly sought and a fair statement of the facts is made, shall be an absolute defense. We have found no case where it is held that a citizen, who in good faith makes a fair statement of the facts as known to him to the prosecuting officer, will be held responsible in damages for the prosecution inaugurated by such officer. The contrary doctrine is well established by courts of eminent ability. Smith v. Austin, 45 Mich., 289; Huntington v. Gault, 45 N. W. Rep., 970; Anderson v. Friend, 71 Ill., 478; Calef v. Thomas, 81 Ill., 482; Johnson v. Miller, 29 N. W. Rep., 750; Dennis v. Ryan, 65 N. Y., 385; Shippel v. Norton, 38 Kans., 570; Laughlin v. Clawson, 27 Pa. St., 330.

In Laughlin v. Clawson, cited above, it is said: "If the officers of the State, who are appointed on account of their legal learning, consider that a given state of facts is sufficient evidence of probable cause, how can the private citizen be said to be in fault in acting upon such facts, and how can the State condemn him to damages for so doing? To decide so is to use the machinery of government as a trap to ensnare those

who trust in government for such matters, and who ought to trust in it. If such officers make a mistake, it is an error of government itself, and government can not allow the citizen to suffer for his trust in its proper functionaries.''

There are sound reasons for the difference in the effect given to the advice of private counsel and that accorded to one who acts on advice of the county or district attorney, which are well expressed in the case of Johnson v. Miller, supra.

Speaking of the rule that advice of counsel honestly obtained is a complete defense, the court said: ''But there are more cogent reasons for applying it where the communication is made to the public prosecutor. In criminal cases that officer is the representative of the State. He is required not only to prosecute indictments which are found, but it is his duty to assist in the investigation of charges against individuals which are brought to the attention of the grand jury. He is by law made the legal adviser of the grand jury. When complaint is made to him that a public offense has been committed, it is his duty to investigate the charge, and if he deem it a matter of sufficient importance, to demand the attention of the grand jury. It is also his duty to have witnesses subpœnaed and brought before that body, and he has the right to appear also, and assist in their examination. Neither he nor the grand jury are confined to the witnesses named by the complainant, but they have the power to send for and examine any witness whom they have reason to believe can give any material evidence bearing on the question of the guilt of the accused. * * * It would, however, be a very harsh rule, and one calculated to discourage entirely the making of complaints by private individuals, to hold that one who has acted on the advice of the district attorney, given upon a full and fair statement of the material facts which he knew, or which he had reasonable ground to believe existed at the time, was not protected by the advice of the attorney, simply because he did not, before making the complaint, learn of other material facts, of the existence of which he might have learned by reasonable inquiry.''

All that is here said, and more, may be said of the case at bar. The laws of this State empower the county attorney to hear complaints and to determine whether or not the facts stated constitute an offense; and also makes it his duty, in the event that he decides that an offense against the law has been committed, to take charge of the case and prosecute in the name of the State. It is to be presumed that the county attorney would not be influenced by any private spite or interest of the complainant, and that no citizen would be prosecuted by the public prosecutor except upon what the officer believed to be reasonable ground for such proceeding. It is therefore evident that if the State has selected a proper officer to represent it, no malice of the informant can influence the prosecution, unless it be to suppress a part of the facts or to state that which was not

true, in which event, if knowingly done, he would not be protected from punishment by having secured the advice of the prosecuting attorney. If the public prosecutor should be incompetent, the citizen who relies upon his advice should not be held liable for such incompetence.

The difference between the effect given under our decisions to the advice of private counsel and that of the county or district attorney is well grounded in the fact that the attorney is selected by the prosecutor, who is represented by the counsel of his choice.   In the case of a resort to the State's counsel, he has no choice, and is not represented by the counsel in the action taken.

It is a duty common to all good citizens to report to the constituted authorities every infraction of the law, to the end that the law may be enforced, which is a service to the public; and it will by reason of the imperfection of human laws sometimes happen that some innocent men will be accused with honest intentions.   "If the party prosecuted should suffer from such mistakes, he must bear it as one of those accidents for which in the nature of things there can be no redress, for the government can not make the prosecutor suffer for injuries which it has itself through mistake committed."   Laughlin v. Clawson, cited above.

It is important that every citizen should be protected against malicious prosecutions, and it is equally important that crime should be punished in order that the law abiding citizen may be secure in life, liberty, and property.   To make the citizen liable to be mulcted in damages for an honest discharge of duty, is to give immunity to crime, and to weaken the restraining power of the criminal law, thereby endangering the security of law abiding people.

The Court of Civil Appeals erred in not reversing the judgment of the District Court, for the reason that there was no evidence that the plaintiff in error acted without probable cause, and because the advice of the county attorney, if given upon a fair statement, is a defense against this action for damages.

The judgments of the District Court and the Court of Civil Appeals are reversed, and this cause is remanded to the District Court for a new trial.

*Reversed and remanded.*

Delivered March 22, 1894.