### SPEER v. ALLEN.

(Court of Civil Appeals of Texas. Jan. 28, 1911. On Motion for Rehearing, March 4, 1911.)

1. MALICIOUS PROSECUTION (§ 72*)—ACTION—PROBABLE CAUSE—INSTRUCTION.

A chattel mortgage was given upon property described as "all the household furniture, dishes, linens, silver, and chinaware and everything in the house * * * or that may be put in to use as household furnishings any time hereafter until this mortgage has been settled," with a general lien on the mortgaged property. In an affidavit by the mortgagee charging the mortgagor with unlawfully disposing of mortgaged personal property, the property was described as "one lot of fruit saucers, one lot of twelve dinner plates, one dozen goblets, one floor rug," etc., and plaintiff's action for malicious prosecution was based on this affidavit. There was evidence that the property described in the affidavit had been located in the house after the execution of the mortgage. *Held*, that the general description in the *mortgage was sufficient* to include any property of the kind referred to therein, and that the jury would have been warranted in finding that the mortgage created a lien on the property described in the affidavit, and hence an instruction on probable cause to the effect that the mortgage covered only the goods specifically described therein was error.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 168–173; Dec. Dig. § 72.*]

2. CHATTEL MORTGAGES (§ 124*)—PROPERTY SUBJECT TO MORTGAGE — AFTER-ACQUIRED PROPERTY.

While a mortgage of goods which the mortgagor does not own at the time the mortgage is executed is void at law, unless after the mortgagor's subsequent acquisition of the goods some act be done indicating a purpose to treat them as within the terms of the mortgage, equity will give effect to a mortgage upon personal property under a general description when it is clear that the parties when executing the mortgage intended that it should become subject to the mortgage when acquired by the mortgagor.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 208, 209; Dec. Dig. § 124.*]

3. SPECIFIC PERFORMANCE (§ 77*)—CHATTEL MORTGAGES (§ 33*)—AGREEMENT TO EXECUTE MORTGAGE—EQUITABLE MORTGAGE.

Where one agrees to execute a mortgage on certain property, and at the time he is called upon to perform the agreement has the ability to do so, he will either be compelled to execute it, or, in a suit to enforce the lien equity, will enforce the agreement as a mortgage.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 212; Dec. Dig. § 77;* Chattel Mortgages, Cent. Dig. § 17; Dec. Dig. § 33.*]

4. MALICIOUS PROSECUTION (§ 22*)—WANT OF PROBABLE CAUSE—ADVICE OF PROSECUTING OFFICER—STATEMENT OF FACTS AS KNOWN.

Where a person in good faith communicates to a prosecuting officer all the facts as known to him concerning the offense to be prosecuted, he is not liable to damages in a civil suit by the accused if the officer makes a mistake in determining whether there is probable cause for prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 45–48; Dec. Dig. § 22.*]

5. EVIDENCE (§ 271*)—ADMISSIBILITY—SELF-SERVING DECLARATIONS.

Where the mortgagor of personal property, after removing some of it from the house in which it was located and selling a part of it, presented a written self-serving statement to the mortgagee, such statement is inadmissible in an action for malicious prosecution against the mortgagee for having accused the mortgagor of unlawfully disposing of the mortgaged property.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1104; Dec. Dig. § 271.*]

6. EVIDENCE (§ 242*) — ADMISSIBILITY—MALICE—STATEMENT OF THIRD PERSON.

Where a person employed by the mortgagee of personal property to find things claimed to be missing tells the mortgagor that, unless she puts the things back, she is going to be put in jail, this statement of the agent, in the absence of the defendant and without a showing that he was authorized by defendant to make such statement, is not admissible in an action by the mortgagor for malicious prosecution to show the motive of the defendant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 893–907; Dec. Dig. § 242.*]

### On Rehearing.

7. JUDGMENT (§ 713*) — CONCLUSIVENESS — QUESTIONS CONCLUDED — SUFFICIENCY OF EVIDENCE.

The court is not precluded by holding that evidence is sufficient to sustain the findings of a court sitting without a jury, to the effect that certain property was not included in the description of a chattel mortgage, from deciding in a subsequent case between the same parties that the evidence on the same point is sufficient to warrant a jury finding that the property was included, and that an instruction not permitting such finding was error; the former decision that the findings were supported by the evidence not being a holding that the evidence would have supported a contrary finding.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

8. JUDGMENT (§ 956*)—FORMER ADJUDICATION —MATTERS OF EVIDENCE CONSIDERED.

Where the statement of facts in the case in review does not show that the evidence is the same as that in a former case between the same parties, founded upon a different cause of action, the court is not required to compare these statements of fact to see if the evidence is the same, nor authorized to base such conclusion on information so obtained.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

9. APPEAL AND ERROR (§ 1097*) — REVIEW — SUBSEQUENT APPEAL—FORMER DECISION AS LAW OF THE CASE.

The question as to whether the court will reconsider upon a second appeal what has formerly been decided in the same case is addressed to the discretion of the court, and the decision of the court on a former appeal is not conclusive in a second appeal in which the evidence is the same.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by Eva Allen against R. M. Speer. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. S. Bledsoe and H. P. Brown, for appellant. R. S. Phillips and Mitchell Davis, for appellee.

TALBOT, J. This suit was brought by the appellee against appellant to recover damages for malicious prosecution. The petition alleges, in substance, that the appellant made an affidavit on the 12th day of December, 1905, before Mason Cleveland, the then county attorney of Johnson county, Tex., charging appellee with the offense of unlawfully and fraudulently disposing of certain personal property, without appellant's consent, upon which she had given appellant a mortgage in writing to secure him in the payment of a debt owing by appellee to appellant. The petition further alleges that the prosecution so instituted against appellee was prompted by malice and without probable cause, that the grand jury failed to indict appellee of the charge preferred against her by appellant, and that said prosecution had been dismissed. The defendant answered by a general demurrer and general denial. A jury trial resulted in a verdict and judgment in favor of the appellee for $800 actual and $400 exemplary damages, and appellant appealed.

The appellant requested the court to charge the jury as follows: "In this case you are instructed that the general description in the mortgage as to the property located or to be located in the Padelford House was sufficient to cover and include within the terms of the mortgage any and all property of the kind generally described and referred to in said mortgage that was situated or located in said Padelford House, and this irrespective of the fact as to whether or not each item of the property was specifically described in said mortgage." This charge was refused, and the jury instructed, in effect, that the mortgage of the appellant covered only the goods that are set out and described in said mortgage, and that, before they would be warranted in concluding that the appellee was guilty as charged in the affidavit made by the appellant dated December 12, 1905, they must believe from the evidence that the goods set out in said affidavit were the goods described in said mortgage, but that they could consider "all of said mortgage in determining whether or not R. M. Speer had probable cause for believing, and did honestly believe, that the property listed in said complaint was included in said mortgage." We think the court should have given the charge requested by appellant, or a charge equivalent thereto, instead of instructing the jury as above shown. The affidavit made by appellant upon which the prosecution of appellee was based and upon which this suit was predicated described the property alleged to have been disposed of by appellee as one lot of fruit saucers, one lot of twelve dinner plates, one dozen goblets, one floor rug, one bed mattress, one pillow, one lamp. one stew pan, three vegetable dishes. The mortgage introduced by appellant, after setting out and specifically describing certain items of personal property upon which said mortgage was given, uses the following language: "Also all the household furniture, dishes, linens, silver and chinaware and everything in the house specified 'Padelford House' or that may be put in there by Mrs. Allen to use as house furnishings any time hereafter until this mortgage has been settled." The evidence, without contradiction, showed that the property described in the affidavit in question had been located in the Padelford House, and whether this property was embraced in the mortgage given by appellee to the appellant was one of the principal questions in the case. Mrs. Hardin, a witness for the appellant, testified that the appellee sold to her at the Padelford House, at which house the appellee was living and keeping boarders, on the night before the boarding house was closed by appellee, the particular property described in said affidavit, and there was also evidence that appellee purchased of appellant, and perhaps of other parties, after the execution of the mortgage, some household goods and placed them in the Padelford House.

In a court of law a mortgage upon personal property not owned by the mortgagor at the date of the mortgage is void, unless, after the mortgagor subsequently acquires title thereto, some act be done indicating a purpose to bring it within the terms of the mortgage. This rule at law is based upon the fact that a mortgage is a conveyance of the title to the mortgagee, and title cannot

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

be conveyed where the mortgagor has none. Therefore it has been held consistent with these principles that a mortgage of goods which the mortgagor does not own at the time the mortgage is executed, though he afterwards acquires them is void. This doctrine, however, is confined to suits at law and in equity, "where one agrees to execute a mortgage on certain property, and at the time he is called upon to perform his agreement he has the ability to do so," he will either be compelled to execute it, or, in a suit to enforce the lien, equity will enforce the agreement as a mortgage. So that, while a court of equity will not make a contract or create a lien for the parties, it will enforce a mortgage lien upon property under a general description, such as is found in appellant's mortgage when it can clearly be determined that the parties at the date of the mortgage intended it should become subject to such lien when acquired by the mortgagor. Richardson v. Washington, 88 Tex. 345, 31 S. W. 614. We are of opinion that the evidence in the case at bar shows very clearly that at the time appellant's mortgage was made both the appellant and the appellee anticipated the acquisition by appellee of household goods other than those particularly described in said mortgage and such as is mentioned in the affidavit, the basis of this action, which they intended should become subject to the lien of said mortgage, under the general property description contained therein. That such was in contemplation and intended by the parties to the mortgage may be unerringly inferred or deduced from the otherwise unusual and superfluous provision in the mortgage itself, to the effect that a lien was thereby given to appellant upon all the household furniture, dishes, silver, and chinaware, and everything in the house, known as the "Padelford House," at the time of the execution of the mortgage, or that which was thereafter put in said house by Mrs. Allen, before the mortgage was paid off and satisfied, to be used as household furnishings. It follows, therefore, that the general description in the mortgage was sufficient to include any property of the kind referred to therein; that the jury would have been warranted in finding that said mortgage created and fixed a lien upon the property described in said affidavit, although said property was not specifically described in said mortgage; and that the court erred in charging the jury to the contrary.

The following paragraph of the court's charge is assigned as error: "Upon the issue of the defendant consulting Mason Cleveland, the county attorney of Johnson county, you are instructed that, if you believe from the evidence that before R. M. Speer made the affidavit against the plaintiff that was offered in evidence the said R. M. Speer submitted a full, fair, and correct statement to said county attorney of all of the facts and circumstances connected with the sale of said mortgaged property, if any has been shown, and the said county attorney, upon a consideration of all the facts, advised said R. M. Speer that they were sufficient to authorize said prosecution, and if you believe that the defendant sought the advice of said county attorney in regard to said prosecution before it was begun and after a full and correct statement of all of the facts connected therewith to said county attorney, and the said county attorney advised defendant to make said complaint that said plaintiff had been guilty of the offense charged, and that acting upon said advice, if any, the defendant in good faith caused said prosecution against the plaintiff, honestly believing that the plaintiff had committed an offense against the penal laws of the state, then, in that event, you are instructed that the defendant would not be liable for damages to plaintiff in this suit, and, if you so believe, you will find for the defendant." The objection urged to this charge is, in substance, that it required the jury to believe and find, before they would be warranted in returning a verdict in favor of the appellant, that appellant, before he made the affidavit against the appellee charging her with the offense of unlawfully and fraudulently disposing of property upon which she had given him a mortgage, made a full, fair, and correct statement to the county attorney of Johnson county of all of the facts and circumstances connected with the sale of said mortgaged property, etc., whereas the law is that if appellant, in good faith, made a full and fair statement of all the facts as known to him to said prosecuting officer and acted upon the advice of said officer in making said affidavit, such advice was a complete defense to appellee's action. This objection is well taken. In the well-considered case of Sebastian v. Cheney, 86 Tex. 497, 25 S. W. 691, it is held that, where a person in good faith communicates to the county attorney all the facts known to him concerning the charge of which he makes complaint, he is not responsible in damages at the suit of the accused, if the county attorney made a mistake in determining as to whether or not there is probable cause for the prosecution. In discussing the question our Supreme Court, speaking through Mr. Justice Brown, says: "We have carefully examined the authorities upon this question, and find quite a conflict as to the effect that advice of private counsel shall have in defense of such actions. Some states hold with ours, and others hold that advice of any lawyer of good standing, whether state's counsel or not, when honestly sought and a fair statement of the facts is made, shall be an absolute defense. We have found no case where it is held that a citizen, who in good faith makes a fair statement of the facts as known to him to the prosecuting officer, will be held responsible in damages for the prosecution inaugurated by such officer. The

contrary doctrine is well established by courts of eminent ability." The evidence was of such a character as to demand the giving of a charge upon this phase of the case. This the trial court recognized, and to meet such demand gave the charge complained of, but committed error therein, as indicated, by requiring the jury, before they could find for appellant, to believe that appellant made a full and fair statement to the county attorney of all the facts and circumstances concerning the charge preferred against the appellee before the institution of the prosecution.

We are also of the opinion that the court erred in admitting in evidence the written document signed by the appellee of date December 4, 1905, and made the basis of appellant's fourth assignment of error. This instrument was not in our opinion legitimate or competent evidence to go to the jury to be considered in determining any issue in the case. It was, it seems, prepared and presented to the appellant after the appellee had, in fact, closed her boarding house, and a considerable amount of the property, upon which appellant held a mortgage, moved from the Padelford House, and after the property described in the affidavit upon which this suit is founded had been delivered or sold to Mrs. Hardin, and assumes as facts some things favorable to appellee's cause and prejudicial to the appellant. the contrary of which we think the evidence establishes, was self-serving, and therefore inadmissible.

The sixth assignment of error complains of the court's action in permitting Mrs. Allen, the appellee, to testify that Charlie Holland, who, it seems, was employed by appellant and sent out to find the missing goods, upon which the appellee had given him the mortgage, that "he [Holland] came and told me that Mr. Speer had sent him down there to get his goods that I had taken off, and, if I did not immediately put them back in the Padelford House, they were going to have me put in jail." Appellant was not present when this statement was made, and we do not think the evidence sufficient to show that he authorized Holland to make such a statement. The testimony was, therefore, inadmissible, and should have been excluded. It is well settled that expressions of an agent, indicating malice, made in the absence of and without authority from the principal, are not admissible to show the motive of the principal. Railway v. Willie, 53 Tex. 318, 37 Am. Rep. 756; Little v. Rich, 118 S. W. 1077.

The other assignments need not be discussed. Except in so far as the rulings of the trial court therein complained of may conflict with the views expressed in this opinion, said assignments disclose no reversible error.

For the reasons indicated, however, the judgment of the court below is reversed, and the cause remanded for a new trial.

## On Motion for Rehearing.

In our original opinion we held that the evidence was sufficient to clearly show that at the time appellant's mortgage was executed, both the appellant and appellee contemplated the acquisition by appellee of household goods other than those particularly described in said mortgage, which they intended should become subject to the lien of said mortgage under the general property description contained therein; that, therefore, the general description in the mortgage was sufficient to include any property of the kind referred to in said mortgage; that the jury, under the evidence, would have been warranted in finding that the property described in the affidavit, the basis of this suit, was covered by said mortgage and a lien thereby fixed upon said property, although the same was not specifically described in the mortgage; and that the trial court erred in charging the jury to the contrary.

It is insisted by counsel for appellee in her motion for a rehearing that we erred in so holding for the reason, among others, that we held differently in another case between the appellant and appellee, appealed to this court, in which the evidence was the same upon the question at issue and a construction of said mortgage involved. The case referred to is R. M. Speer v. Eva Allen, 117 S. W. 1199. This is an incorrect view of our rulings. The case of R. M. Speer v. Eva Allen, supra, was tried in the lower court without the intervention of a jury, and the trial judge, after hearing the evidence, held, as shown by his findings, which were adopted by this court, "that the account sued on by the plaintiff (Speer) in the sum of $221.75, and the property set out and described therein, are not included and covered by the mortgage." In affirming the judgment of that court we said: "The trial court filed his conclusions of fact and law, in which we find no error, and the same are adopted as the findings of this court. The appellant's assignments of error relate to errors in said findings, but we are of the opinion that said findings are fully justified by the evidence." In this we simply held that the evidence was sufficient to support the lower court's findings. The decision does not go to the extent of holding that the evidence would not have warranted a finding that the property referred to in the court's finding above set out was not covered by the mortgage. It often happens that the evidence on a particular issue is of such a character as to sustain a finding either way upon it. In the case at bar the court's charge, which we hold should not have been given, withdrew the issue of fact made by the evidence as to whether or not the property described in the affidavit upon which this suit is predicated

was included in appellant's mortgage, and instructed them, as a matter of law, that said mortgage covered only the goods specifically described in the mortgage. In this we hold the court erred.

If it be contended that the decision in the case of R. M. Speer v. Eva Allen, supra, constituted a bar to a further consideration of the question, there is no merit whatever in such contention. The cases are founded upon entirely different causes of action, and the statement of facts in the present case fails to show that the evidence was the same in both cases, and we do not judicially know that it was the same. Nor are we required, for the purpose of ascertaining whether or not such be the fact, to compare the statement of facts in the case now before us with the statement of facts in the former case; and, if we should make such comparison and find the evidence to be the same, we would not be authorized to say such was the case, and base a conclusion upon the information so obtained. But even if this was a second appeal of the case of R. M. Speer v. Eva Allen, supra, and the evidence the same as on the former appeal, the decision of this court on the first appeal would not be conclusive of the question then decided. The question as to whether the court will reconsider upon a second appeal what has formerly been decided in the same case must always be addressed to the discretion of the court and determined according to the particular circumstances of the case. Kempner v. Huddleston, 90 Tex. 182, 37 S. W. 1066; Layton v. Hall, 25 Tex. 204. It may be further stated that the record in the present case does not show that a determination of the question as to whether or not the particular property described in the affidavit upon which this suit is based was involved in the suit of R. M. Speer v. Eva Allen, to which we have referred.

The motion for rehearing is overruled.