## DEATON v. MONTGOMERY WARD & CO. et al.

### No. 3961.

Court of Civil Appeals of Texas. Beaumont.

Feb. 12, 1942.

Rehearing Denied March 18, 1942.

C. W. Howth, Gaston H. Wilder, and Geo. E. Holland, all of Beaumont, for appellant.

J. R. Beck, J. R. McDougald, R. E. Masterson, and Orgain, Carroll & Bell, all of Beaumont, and E. E. Townes and Knox Gilmore, both of Houston, for appellees.

WALKER, Chief Justice.

On the 8th day of July 1938, M. F. Culbertson was local manager of the Beaumont store of Montgomery Ward & Company, and Miss Blanche Smith the cashier. On that day, about 5:30 p. m., a man went into the Montgomery Ward & Company store and cashed a check drawn by Humble Oil & Refining Company, payable to Albert S. Stanton; the man was not Stanton, and he cashed the check by forging thereon Stanton's endorsement in the presence of Mr. Culbertson and Miss Smith. Payment on the check was stopped by the drawer, and a few days later it was taken up from Montgomery Ward & Company by L. H. Purvis, an investigator of Humble Oil & Refining Company. In his efforts to locate the man who had forged the endorsement on the check, Purvis located a man at Anahuac of the description given him by Mr. Culbertson and Miss Smith; they went with him to Anahuac and both of them identified this man as the man who had cashed the check, and who had forged thereon in their presence Stanton's signature. Purvis reported these findings to the sheriff's office in Beaumont, and on the information given him by Purvis, H. L. Downs, a deputy sheriff, made a complaint before Nola White, assistant county attorney, and charged appellant with forgery and passing a forged instrument. This suit was instituted by appellant against Montgomery Ward & Company and Humble Oil & Refining Company for damages for malicious prosecution, based on the criminal prosecution instituted against him on the information furnished by Purvis. There is no issue before us on the pleadings; appellant plead a good cause of action and appellees Humble Oil & Refining Company and Montgomery Ward & Company answered by demurrers, general denial, etc.

The jury found the following facts: Appellant did not endorse on the check in issue the name of Albert S. Stanton, nor did he receive the money on the check from Montgomery Ward & Company. In instigating the prosecution against appellant, Purvis was acting for and on behalf of Humble Oil & Refining Company, within the scope of his implied authority, and his instigation of the criminal prosecution was a direct and proximate cause of the prosecution of appellant for the crimes of forgery and of passing a forged instrument. Purvis instituted the prosecution against appellant without making an investigation such as a reasonably prudent person would make under the same or similar circumstances, nor did he use such degree of care as a person of ordinary prudence would have used in the same or like circumstances to determine whether or not the handwriting of Albert S. Stanton, as endorsed on the back of the check, was appellant's handwriting, nor·

did he use any care whatever in that respect, nor did he use such degree of care as a person of ordinary prudence would have used to determine the whereabouts of appellant on the 8th day of July, 1938, nor did he use any care whatever in that respect. Purvis did not have "probable cause" for instigating the prosecution against appellant. The exercise of ordinary care on the part of Humble Oil & Refining Company would have disclosed to them that there was no probable cause to believe that appellant forged the name of Albert S. Stanton to the check. In instigating the prosecution against appellant, Purvis did so in reckless and wanton disregard of appellant's legal rights, and in instigating the prosecution acted maliciously. Humble Oil & Refining Company had actual knowledge of the acts of Purvis in instigating the prosecution against appellant, and adopted Purvis' acts in instigating the prosecution. The jury also found that M. F. Culbertson instigated the prosecution against appellant at which time he was the general agent of the Montgomery Ward & Company, and in instigating the prosecution was acting for and on behalf of Montgomery Ward & Company, and was acting within the scope of his implied authority, and was also acting within the scope of his express authority, and his instigation of the criminal prosecution was a proximate cause of the prosecution of appellant for the crimes of forgery and of passing a forged instrument; in instigating the criminal prosecution he did not use such degree of care as a person of ordinary prudence would have used to determine whether or not the handwriting in which the name of Albert S. Stanton was endorsed on the back of the check in question was appellant's handwriting, nor did he use such degree of care as a person of ordinary prudence would have used to determine the whereabouts of appellant on the 8th day of July, 1938, nor did he use any care whatever in that respect; Culbertson did not have "probable cause" for instituting the prosecution against appellant. Appellant was a customer of Montgomery Ward & Company, and after discovering that fact its agents and servants were negligent in not making some further inquiry; the exercise of ordinary care by Montgomery Ward & Company, its officers and agents, would have disclosed to them that there was no probable cause to believe that appellant forged the name of Albert S. Stanton on the check. In instigating the prosecution against appellant, Culbertson did so in reckless and wan-

ton disregard of appellant's legal rights, and acted maliciously. Montgomery Ward & Company had actual knowledge of the acts of Culbertson in instigating the prosecution, and adopted and ratified his acts. The jury further found that the acts and statements of Purvis in connection with the acts and statements of Culbertson, jointly, procured the complaint to be made against appellant by deputy sheriff H. L. Downs, and that the act of Culbertson and Miss Smith in identifying appellant as the party who endorsed the check and received the money was not the sole proximate cause of the instigation of the criminal prosecution against appellant. We give issues Nos. 31 and 32, both of which were answered by the jury in the negative:

"Issue of Fact No. 31. Do you find from a preponderance of the evidence that when M. F. Culbertson identified Deaton to said L. H. Purvis at the office of the Humble Oil and Refining Company at or near Anahuac as the man who had cashed the Albert S. Stanton check in the Montgomery Ward Store on July 8, 1938, in Beaumont, Texas, he did not make a full, fair and complete disclosure of all the facts within his knowledge up to that time, relating to the accusation against Deaton?"

"Issue of Fact No. 32. Do you find from a preponderance of the evidence that Purvis did not make a full, fair and complete disclosure of all the facts then within his knowledge, relating to the accusations of forgery and of the passing of a forged check by the plaintiff, W. T. Deaton, to the Deputy Sheriff Downs, when the said Purvis made a statement to the deputy Sheriff Downs prior to the time the deputy Sheriff Downs filed a complaint against the said W. T. Deaton, before the County Attorney of Jefferson County, Texas?"

The jury assessed appellant's actual damages at the sum of $5,000, and that each of the appellees should pay him as exemplary damages the sum of $5,000.

Appellant filed motion for judgment on the jury's verdict, which was overruled. Each of the appellees filed motion for judgment which was granted, and judgment was entered that appellant take nothing, from which he has prosecuted his appeal to this court.

Appellant simply makes the point that the court erred in refusing to sustain his motion for a judgment in his behalf, and in entering judgment for appellees non obstante veredicto. In this connection, ap-

972

pellant contends that the motions of appellees for judgment were nothing more than motions for judgment non obstante veredicto; appellees contend that their motions were for judgment on the jury's answers to questions Nos. 31 and 32, and in the alternative for judgment non obstante veredicto; we concur with appellees in the construction of their motions.

■ Actions for damages for malicious prosecution are not favored in law. Sullivan v. O'Brien, Tex.Civ.App., 85 S.W.2d 1106; Sebastian v. Cheney, 86 Tex. 497, 25 S.W. 691. The burden of proof is on the plaintiff, in a cause of action for malicious prosecution, to show not only malice but also the want of probable cause. Ramsey v. Arrott, 64 Tex. 320. The failure of the plaintiff to establish either malice or want of probable cause by a preponderance of the evidence is fatal to his cause of action. Hitson v. Forrest, 12 Tex. 320; Smith v. Pierson, Tex.Civ.App., 151 S.W. 1113.

■ On appellees' motion for judgment non obstante veredicto, it is our conclusion that the evidence, as a matter of law, established probable cause for the prosecution. Mr. Culbertson and Miss Smith were the only eye witnesses to the endorsement of Stanton's check, and the cashing of the same by the man who presented it; they were reputable people and held substantial jobs; the check was cashed on the representation of the man who represented that he was Stanton. After payment on the check was stopped, Purvis secured a description of the man who cashed it from the eye witnesses, Culbertson and Miss Smith, and on his personal investigation found a man who fitted the description given him by Mr. Culbertson and Miss Smith; he took them with him to view a number of men, and from this group of men they identified appellant as the man who cashed the check, and on the trial of this case both of them insisted that appellant was the man who forged Stanton's name to the check and got the money. Purvis gave this information to Downs, the deputy sheriff, and the jury found that he made a full, fair and complete disclosure of all the facts within his knowledge about the commission of the crime. Downs testified for appellant, that an endorsement had been forged on a check issued by Humble Oil & Refining Company at the store of Montgomery Ward & Company, and that the manager and cashier had positively identified appellant as the man who had forged the check, and that Purvis told him where appellant was working. On this information, Downs went before the assistant county attorney, Nola White, gave him the information that Purvis had given him, and on that information the assistant county attorney took the complaint from Downs, which was the basis of the prosecution against appellant. After he was arrested, appellant waived the examining trial, and did not go before the grand jury. On this statement of the evidence, probable cause was established as a matter of law. Ramsey v. Arrott, supra; Reed v. Lindley, Tex.Civ.App., 240 S.W. 348.

■ On the overwhelming weight of evidence, Culbertson and Miss Smith were in error in identifying appellant as the man who forged Stanton's signature and received the money on the check, but on all the evidence this was an honest mistake on their part. That they made an error in identifying appellant did not rebut probable cause nor create a liability for malicious prosecution. Schnaufer v. Price, Tex.Civ.App., 124 S.W.2d 940.

■ Culbertson and Miss Smith were the only eye witnesses to the forgery; they were the only persons in a position to know, and who could have known the identity of the guilty party. Purvis had his information from them, and he acted within his legal rights, on the undisputed facts, in furnishing the information he had to the sheriff's department. Sebastian v. Cheney, 86 Tex. 497, 25 S.W. 691; Lenoir v. Marlin, 10 Tex. Civ.App. 376, 30 S.W. 566.

■ Having received from Mr. Culbertson and Miss Smith the information detailed above, Purvis did not rest under the duty of making a further investigation as to whether or not appellant could prove an alibi; the failure of Purvis to make such additional investigation did not raise the issue against him of want of probable cause and of malice. The failure of a private citizen to make inquiry of one suspected of crime as to whether or not the suspect could prove an alibi does not raise the issue of want of probable cause. Miller v. Chicago M. & St. Ry. Co., C.C., 41 F. 898. Nor was Purvis under the duty of inquiring of experts whether or not the endorsement on the check was in appellant's handwriting.

From what we have said, it follows that the findings of the jury on the issues of probable cause were entirely without support, and therefore the court was authorized to enter judgment for appellees non obstante veredicto. On this conclusion, we do not re-

view the evidence on the issue of malice, since on authority of Hitson v. Forrest, supra, appellant lost his case by failing to establish want of probable cause, even though it be conceded that the record established malice.

■ But judgment was properly entered in favor of appellees on the jury's finding that Purvis made to the deputy sheriff a full, fair and complete disclosure of all the facts within his knowledge. Burnham v. Collateral Loan Co., 179 Mass. 268, 60 N.E. 617.

■ It is the theory of appellees that deputy sheriff Downs, in submitting the matter to the assistant county attorney, was acting in his official capacity as deputy sheriff, and not as their agent. But if Downs was in fact acting as agent of appellees in submitting the matter to the asssistant county attorney, then the effect would be nothing more than the submission of information by appellees direct to the assistant county attorney, which they had the legal right to do. Lenoir v. Marlin, supra; Sebastian v. Cheney, supra; Missouri, K. & T. Ry. Co. v. Groseclose, 50 Tex.Civ.App. 525, 110 S.W. 477; Central Motor Co. v. Roberson, Tex. Civ.App., 154 S.W.2d 180; Igoe v. Peinado, Tex.Civ.App., 54 S.W.2d 556.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.