MONTGOMERY WARD & CO., Inc., v.
KIRKLAND.

No. 12016.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 7, 1949.

Rehearing Denied Jan. 4, 1950.

Davenport & Ransome, Brownsville, David L. Dickson, Chicago, Ill., Wm. A. Voss, Kansas City, Mo., for appellant.

Kent, Brown, George & Van Dresar, Harlingen, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Thomas W. Kirkland against Montgomery Ward and Company, Inc., seeking to recover damages suffered by him as a result of an alleged malicious prosecution of himself by defendant for the alleged offense of embezzlement. The trial was to a jury and judgment was entered upon the verdict of the jury in his favor in the sum of $7,500. From that judgment Montgomery Ward and Company, Inc., has prosecuted this appeal.

Appellant's first contention is that the trial court erred in not granting its two motions for instructed verdict and its motion for judgment non obstante veredicto.

Appellee, Kirkland, had been an employee of appellant from 1940 until the latter part of September, 1947, with the exception of about two years spent in the Army. He had been manager of Department 66, Furniture, and Department 72, Floor Covering. He voluntarily left appellant's employment the last of September, 1947, and went into the floor covering business with a man named Allison, under the name of Al-Kirk Floor Covering. This establishment was about one-half a block from the store of appellant in Harlingen, Texas.

Some time in November, 1947, one J. A. Phillips, a traveling auditor of appellant, came to Harlingen to make an audit of appellant's store there. As a result of this audit Phillips found a shortage in Department 72 of some $3,000. Also he was informed by one Bowling, the delivery man, that he had delivered some four or five rolls of linoleum from the store to the Al-Kirk establishment, at the direction of appellee, Kirkland, but was not given a delivery ticket for this linoleum as was customary. The linoleum was valued at about $150 per roll. Phillips checked the sales in Department 72 and did not find a record of a sale of this linoleum. He did, however, find a sale to appellee of four rolls of linoleum in the mail order department, which showed that appellee had ordered this linoleum from the Fort Worth Mail Order Store on August 22, 1947, and that the linoleum had been delivered to appellee on August 28, 1947. Phillips stated that he decided these were two entirely separate transactions, as one occurred in August and the other in September, and were in two very different departments, the mail order business being carried on as an entirely separate business from that of the local retail store.

Phillips conferred with F. T. Graham, County Attorney of Cameron County, and as a result of these conferences Kirkland was indicted, charged with the offense of embezzlement of four rolls of linoleum from Montgomery Ward and Company, Inc. This indictment was afterwards dismissed on motion of the State, and the present suit for malicious prosecution followed.

The cause was submitted to the jury on five special issues, in answer to which the jury found, in effect, as follows:

(1) That Phillips, in communicating with the County Attorney, failed to advise the County Attorney of the purchase of linoleum made by Thomas W. Kirkland on August 20, 1947.

(2) That at the time of such communication, Phillips believed that such evidence of sale was a material fact.

(3) That the omission was intentional, or actuated by a reckless disregard of the rights of Kirkland, amounting to an intentional wrongful act.

(4) That Phillips was acting within the scope of his employment.

(5) The amount of damages was fixed at $7,500.

The essential elements of a malicious prosecution which apply here may be stated as follows:

First: The commencement of a criminal prosecution against the plaintiff;

Second: Its causation by the defendant;

Third: Its termination in favor of the plaintiff;

Fourth: Plaintiff's innocence of the crime charged;

Fifth: The absence of probable cause for such proceeding;

Sixth: The presence of actual malice therein; and

Seventh: Damages resulting to plaintiff by reason thereof.

All of these elements may be regarded as here shown, except the fifth and sixth.

■ The question of the want of probable cause was not submitted to the jury. The facts that might have a bearing on this element are largely undisputed and therefore "probable cause," vel non, becomes a question of law to be decided by the trial court in the first instance, and by us in the second instance. Ramsey v. Arrott, 64 Tex. 320; Reed v. Lindley, Tex. Civ.App., 240 S.W. 348; Forbess v. Elliott, Tex.Civ.App., 230 S.W. 888, 28 Tex. Jur. p. 466, § 11, and p. 503, § 37.

Such evidence is as follows: On August 22, 1947, appellee placed an order for four rolls of linoleum with the Mail Order Department of appellant's store in Harlingen. The store records in that department indicated this linoleum was delivered to appellee on August 28, 1947. Appellee testified that instead of removing the material from the store at that time, he took it upstairs and placed it behind the elevator, where it remained for three or four weeks or longer, but this explanation was not known to Phillips at the time he instituted the prosecution. Some three or four weeks later appellee directed Mr. Bowling, who was the delivery man for appellant's store, to deliver the linoleum to his establishment at 213 North First Street, Harlingen, Texas. Bowling received no delivery ticket for this merchandise, as was customary and proper for such deliveries. A week later Bowling delivered two rolls of linoleum to Allison, on the order of appellee. Bowling received no delivery ticket for this delivery, although appellee gave Bowling a cash register ticket. This ticket contained no reference to the type of merchandise for which it was issued.

The audit which was made by Phillips took about four and one-half weeks and covered the period from January 31, 1947, the date of the last audit, to November, 1947. It disclosed a shortage of some $3,000 in Department 72. The auditor made such checks as it was reasonably possible for him to make and found no reason for the shortage. The shortage was a dollar and cents shortage. It was impossible to determine from such an audit what items were short, due to the fact that cash register receipts do not give the merchandise sold. It was unlikely that this shortage was caused by shoplifters, as most of the merchandise in Department 72 was of a heavy nature and not subject to shoplifting. On further investigation Bowling, a delivery man for appellant, revealed to the auditor that he had made a delivery to appellee at Allison's establishment without receiving the usual delivery tickets. Appellee had been sick and had been away from the store for some four or five weeks during June and July, 1947. Phillips checked the Mail Order Department and found that appellee had made a purchase of four rolls of linoleum on August 24, 1947, and had received delivery thereof on August 28, 1947, and Phillips decided that the August delivery of linoleum and the September delivery of linoleum were two separate and independent transactions. Phillips then sought advice of F. T. Graham, Esquire, the County Attorney of Cameron County, and told him all that his audit and investigation had revealed. Phillips was not asked the direct question as to whether or not he disclosed to the County Attorney that he had found the August purchase of linoleum through the mail order house, and on that subject the County Attorney testified as follows:

"Q. Now to refresh your memory, don't you recall that when Phillips came in to you he told you he had checked the mail

order department and found no record of the sale that was taken out? A. No, sir. I do not.

"Q. Don't your written statement say he checked it and found no record of it? A. I am not sure about that, it says there was no record of the sale of this merchandise, and I know he told me he had checked both before and after the time it was taken out and found no record of it."

The County Attorney advised that a criminal prosecution be had and appellee was indicted by the Cameron County Grand Jury for the offense of embezzling four rolls of linoleum. Later this indictment was dismissed on the motion of the County Attorney, and this suit for malicious prosecution was instituted by appellee.

■ Actions for malicious prosecution are not favored in the law. Deaton v. Montgomery Ward & Co., Tex.Civ.App., 159 S.W.2d 969; Reed v. Lindley, Tex. Civ.App., 240 S.W. 348; Maytag Southwestern Co. v. Wightman, Tex.Civ.App., 81 S.W.2d 713.

In Reed v. Lindley, Tex.Civ.App., 240 S.W. 351, the Court said: "The action for malicious prosecution is not favored in law, and hence has been hedged about by limitations more stringent than those in the case of almost any other act causing damage to another and the courts have allowed recovery only when the requirements limiting it have been fully complied with. The disfavor with which the action is looked upon is especially marked in cases where the suit is being brought for the institution of criminal proceedings against the plaintiff, as public policy favors the exposure of crime, which a recovery against a prosecutor obviously tends to discourage."

■ Not only does such policy discourage the bringing of such actions, but also the proof must be of a higher degree than that ordinarily required in civil cases. The usual statement is that in malicious prosecution actions the proof must be positive, clear and satisfactory. 54 C.J.S., Malicious Prosecution, § 93, p. 1077, Malicious Prose-

cution, Sec. 93; Genovese v. Harlingen Piggly Wiggly, Tex.Civ.App., 32 S.W.2d 379; Genovese v. Butt, Tex.Com.App., 48 S.W.2d 587; Sullivan v. O'Brien, Tex.Civ. App., 85, S.W.2d 1106 (error refused by; Supreme Court).

■ The burden of proof was upon appellee to show by positive, clear and convincing proof that there was no probable cause on the part of Phillips to believe that the appellee was guilty of embezzling the four rolls of linoleum taken from the store in September. It occurs to us that not only did the appellee fail to show such fact by positive, clear and convincing testimony but, on the other hand, the undisputable evidence shows that Phillips did have probable cause to think that appellee was guilty of the offense of embezzlement.

■ Appellee contends that, in addition to the facts we have heretofore set out, the court should consider the good reputation of the appellee, but we do not agree with this contention. The law of embezzlement applies to people of good reputation as well as others, and, under the facts above stated, Phillips had a right to believe that appellee was guilty of the offense of embezzlement, even though he was a man of good reputation. His past good reputation was no evidence that Phillips did not have probable cause to believe appellee guilty of the offense of embezzlement.

In Knost v. Terminal R. Ass'n of St. Louis, Mo.App., 222 S.W.2d 593, 597, the Court said: "The law against appropriating property of another applies to everyone regardless of his prior reputation. If plaintiff had made a submissible case as to the want of probable cause, then his good reputation would have bearing on the issue of malice, but not with reference to the issue of probable cause."

■ Appellee also contends that Phillips should have called upon him for an explanation in this matter before filing charges. There is no requirement of the law that a prosecutor must first ascertain what defense a defendant may be able to offer before he files charges when he has

a probable cause for doing so. Deaton v. Montgomery Ward & Co., Tex.Civ.App., 159 S.W.2d 972.

 The burden of proof was also upon appellee to establish, by positive, clear and satisfactory evidence, that Phillips, in instituting this suit against him, was actuated by malice and was not prompted by a worthy motive. The evidence shows that Phillips had never been in Harlingen prior to November, 1947, when he went there for the purpose of making an audit of appellant's store. At the time he conferred with the County Attorney he had never met appellee, Kirkland, and had no reason whatever to dislike him. There is nothing in the record to show that there was any personal animosity, or that Phillips acted from any other motive than a belief that from his audit and from his investigation appellee was guilty of the offense of embezzlement.

As we have heretofore stated, neither the question of want of probable cause nor the presence of malice was submitted to the jury, and we cannot say, as a matter of law, that either was established by clear, positive and satisfactory evidence.

We now come to a consideration of the issues which were submitted to the jury. The jury, as heretofore pointed out, found, by their answer to the first issue, that Phillips failed to advise the County Attorney of Kirkland's purchase of linoleum on August 20, 1947. When Phillips was on the witness stand he was not questioned as to this matter, the only evidence offered was that of the County Attorney, who testified as hereinabove set forth.

This testimony is far from being positive, clear and convincing that Phillips suppressed the fact that Kirkland had purchased linoleum through the mail order department in August, 1947.

By their answer to the second question the jury found that Phillips believed the August purchase to be a material fact. There is absolutely no evidence to support this finding. Phillips testified that he believed the mail order purchase in August had nothing to do with the linoleum de-

livered in September. It is true the jury was not required to believe him and could disregard his testimony, but if it did so then there would remain no evidence whatever on the subject.

Likewise, there is no evidence that Phillips intentionally suppressed the fact of the mail order purchase of linoleum in August.

 We are of the opinion that appellee has not shown, by positive, clear and convincing evidence, that Phillips at the time of the institution of the prosecution did not have probable cause to believe him guilty of the theft of the linoleum and that Phillips was actuated by malice.

The judgment of the trial court will be reversed and judgment here rendered that appellee take nothing and pay the costs of this and the court below.

Reversed and rendered.

BROETER, J., not participating.