Missouri, Kansas & Texas Railway Company of Texas v. W. M. Groseclose.

Decided April 30, 1908.

1. **False Prosecution—Probable Cause—Advice of Counsel.**

Advice of private counsel, though made on full disclosure of the facts ascertainable, is not a complete defense, as showing probable cause, against an action for falsely prosecuting one for crime; but it is otherwise as to action taken on advice of the public prosecuting officer of the State; his advice, if given on a fair statement to him of the facts known, is a defense against an action for damages.

2.—**Same—Duty to Ascertain Facts.**

One making to the prosecuting officer of the State a fair and full disclosure of the facts within his knowledge is protected by his advice that they

showed probable cause for prosecuting, and was not under the duty of making inquiry as to other matters not within his knowledge.

### 3.—Same—Case Distinguished.

The ruling in Kleinsmith v. Hamlin, 60 S. W., 994, distinguished as involving a failure to truthfully and fully disclose to the prosecuting officer the facts known.

### 4.—False Prosecution—Falsity of Charge.

The burden is on plaintiff, in an action for false prosecution, to show, not only that it was instituted without probable cause, but that the charge was false in fact; presumption of his innocence and the fact of his acquittal does not relieve him from this necessity.

### 5.—Same—Charge—Cases Discussed.

An instruction that the prosecution, to be actionable, must have been instituted without probable cause is not equivalent to the charge that it must be also false in fact; and failure to require the latter element as a condition for ' recovery was error in the charge and not mere omission. Hurlbut v. Boaz, 4 Texas Civ. App., 371, followed, and Porter v. Martyn, 32 S. W., 733, disapproved.

### 6.—Damages—False Imprisonment—Pleading.

Pleading alleging that as a result of false prosecution plaintiff, a railroad agent, would be unable in the future to secure railroad employment held not sufficient to support a submission, as an element of damages, of his loss of time in the future.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*Coke, Miller & Coke* and *Jno. T. Craddock,* for appellant.—The charge of the court is erroneous and more favorable to the appellee than is authorized by the law, wherein it directed a verdict for the appellee if the assistant county attorney was induced to advise the prosecution of the appellee or was caused to have the same instituted by the failure of the special agents, Penn and Warden, to lay before said officer a statement of all the facts relating to the alleged robbery and the alleged crime of embezzlement which could have been known to such special agents by reasonable inquiry. Sebastian v. Cheney, 86 Texas, 497; Lenoir v. Marlin, 10 Texas Civ. App., 376; Johnson v. Miller (Ia.), 29 N. W., 743; Kansas & T. Coal Co. v. Galloway (Ark.), 74 S. W., 521; Adams v. Bicknill (Ind.), 25 N. E., 804.

One of the essential elements in a cause of action for malicious prosecution, and which must be proved by the plaintiff by a preponderance of the evidence, is the falsity in fact of the charge upon which the plaintiff has been prosecuted and arrested. The charge is erroneous in that it did not require a finding by the jury, in addition to the lack of probable cause for his prosecution and arrest and the existence of malice, that the charge of embezzlement for which he was prosecuted and arrested was in fact false and unfounded. Hurlburt v. Boaz, 4 Texas Civ. App., 371; Bekkeland v. Lyons, 96 Texas, 255; March v. Walker, 48 Texas, 372; Webb's Pollock on Torts, 392.

The charge, insofar as it authorized a recovery of damages on account of loss of time of the appellee in the future is erroneous, because there were neither pleadings nor evidence authorizing the same. Gulf,

C. & S. F. Ry. Co. v. Sparger, 11 Texas Civ. App., 82, and authorities there cited.

*B. Q. Evans* and *C. L. Elder,* for appellee.—Where the known facts are of a nature to put a reasonable and cautious man upon inquiry, the person instituting a criminal prosecution or civil suit will be held to have knowledge of such facts as inquiry would have disclosed, and only such inquiry is required as reasonable care and prudence under all the circumstances would have suggested. Kliensmith v. Hamlin, 60 S. W., 994; Mancy v. Finn, 23 Nebr., 511; Motes v. Bates, 80 Ala., 382; Jardin v. Railway Co., 81 Ala., 220; Anderson v. Friend, 71 Ill., 475; Wicks v. Hotchkiss, 62 Ill., 107; Pippens v. Hance, 15 Mo. App., 373; Sappington v. Watson, 50 Mo., 83; Cooper v. Utterback, 37 Mich., 282; 14 Am. Ency. of Law., pp. 55, 56, also page 53; 19 id. (2d ed.), 661; Jessup v. Whitehead, 29 Colo. App., 29, 916; Watt v. Corey, 76 Me., 87; Hyde v. Crench, 62 Md., 577; Moaks Underhill on Torts, p. 169, bottom of page and on page 170.

If there was any error in the charge, which we deny, it was the duty of appellant to have asked for a special charge, correcting the same, and having failed to do so, is not in a position to complain of the error, it being one of omission, if error at all. Landa v. Obert, 45 Texas, 539.

WILLSON, Chief Justice.—On December 16, 1905, appellee was, and for several months before that time had been, appellant's station agent at Farmersville, in Collin County. As such agent he had in his possession on the day mentioned between $700 and $800 belonging to appellant. The money was kept in a safe in appellant's office in its depot building at Farmersville. Appellee claimed that about 7:20 o'clock on the evening of the date mentioned he was robbed of the money by two men, who, at the point of a pistol, compelled him to take the money from the safe and deliver same to them. Afterwards, to wit, on December 19, 1905, on a complaint made by one C. T. Warden, who seems at the time to have been a "deputy constable of Precinct No. 1, Collin County," charging appellee with having embezzled the money, the latter was arrested. Waiving an examining trial, his bond was fixed at $750; and, having furnished the bond required, on the day after he was arrested appellee was released from the custody of the officers having him in charge. The grand jury after an investigation having failed to indict him, appellee brought suit against appellant and J. F. Penn and F. M. Warden, employes of appellant, alleging that the prosecution against him was a malicious one instigated by them, and that as a result thereof he had suffered the injuries on account of which he sought a recovery of damages. The suit as to Penn and F. M. Warden afterwards was dismissed. A trial had on the issues between appellant and appellee resulted in a verdict and judgment in favor of the latter against the former for the sum of $4500. This appeal is prosecuted from that judgment.

After instructing the jury to find for appellee if they believed from the evidence that Penn and F. M. Warden with malice and without probable cause for so doing, and acting within the scope of their au-

thority as appellant's agents, caused or procured the prosecution against appellee, the court further instructed the jury also to find for appellee if they believed that the assistant county attorney advised or caused the prosecution, yet also believed that he was induced to do so by the failure of appellant's agents, Penn and F. M. Warden, acting within the scope of their authority as such, "to lay before him a fair statement of all the facts known to them or that could have been known to them by reasonable inquiry," and further believed that the prosecution was instituted without probable cause and with malice.

The correctness of that portion of the instructions which authorized a finding against it, notwithstanding its agents may have made to the assistant county attorney a fair statement of all facts known to them, if the jury believed that such statement did not include all facts that could have been known to them by reasonable inquiry, is challenged by appellant's first assignment of error.

Where the advice of counsel chosen by the defendant is relied upon as a defense against an action for malicious prosecution, it is held in some jurisdictions that it must be shown not only that a full disclosure of all the material facts known to the defendant was made to the counsel, but that it also must be shown that other material facts could not have been discovered and disclosed by reasonable diligence in making inquiry. Ahrens & O. Mfg. Co. v. Hoeher, 51 S. W., 195; Wicker v. Hotchkiss, 14 Am. Rep., 77; 1 A. & E. Enc. Law, 2d ed., p. 902, and authorities there cited. In other jurisdictions it is held that where the facts known to the defendant are disclosed, it is not necessary to make complete the defense that diligence in making inquiry should be shown. Holliday v. Holliday, 53 Pac., 43; Ross v. Hixon, 26 Am. St. Rep., 147, notes; 19 A. & E. Enc. Law, 2d ed., p. 688, and authorities there cited. Without reference to whether the disclosure to counsel was of all that the defendant knew, or as well of all he might have known by reasonable diligence in making inquiry, we think it may be said that in this State the rule is, that advice of private counsel is not complete defense, but a fact to be considered by the jury on the issue of malice and probable cause. Ramsey v. Arrott, 64 Texas, 324; Glasgow v. Owen, 69 Texas, 170; Shannon v. Jones, 76 Texas, 148. In other words, it can not be said as matter of law that in this State advice of private counsel first obtained constitutes probable cause for the prosecution. But where the prosecution is upon the advice of the prosecuting officer of the State the rule seems to be otherwise. The question was squarely presented in Sebastian v. Cheney, 86 Texas, 502, and we understand the Supreme Court there to have held that the citizen can not be held responsible in damages to the injured person, if he in good faith had fairly and honestly disclosed to the prosecuting attorney all of the facts known to him, because the officer in advising him may have made a mistake in determining whether or not the statement showed the existence of probable cause for the prosecution. In that case the court asks: "If the lawyer of the State makes a mistake, is the citizen to be held to answer for it?" and then adds: "We have carefully examined the authorities upon this question, and find quite a conflict as to the effect that advice of private counsel shall have in defense of such actions. Some States

hold with ours, and others hold that advice of any lawyer of good standing, whether State's counsel or not, when honestly sought and a fair statement of the facts is made, shall be an absolute defense. We have found no case where it is held that a citizen, who in good faith makes a fair statement of the facts as known to him to the prosecuting officer, will be held responsible in damages for the prosecution inaugurated by such officer. The contrary doctrine is established by courts of eminent ability." In Johnson v. Miller, 29 N. W., 750, the Supreme Court of Iowa with reference to the rule that advice of counsel honestly obtained is a complete defense, said: "But there are more cogent reasons for applying it where the communication is made to the public prosecutor. In criminal cases that officer is the representative of the State. He is required not only to prosecute indictments which are found, but it is his duty to assist in the investigation of charges against individuals which are brought to the attention of the grand jury. He is by law made the legal adviser of the grand jury. When complaint is made to him that a public offense has been committed, it is his duty to investigate the charge, and if he deem it a matter of sufficient importance, to demand the attention of the grand jury. It is also his duty to have witnesses subpoened and brought before that body, and he has the right to appear also, and assist in their examination. Neither he nor the grand jury are confined to the witnesses named by the complainant, but they have the power to send for and examine any witness whom they have reason to believe can give any material evidence bearing on the question of the guilt of the accused. . . . It would, however, be a very harsh rule, and one calculated to discourage entirely the making of complaints by private individuals, to hold that one who has acted on the advice of the district attorney, given upon a full and fair statement of the material facts which he knew, or which he had reasonable ground to believe existed at the time, was not protected by the advice of the attorney, simply because he did not, before making the complaint, learn of other material facts, of the existence of which he might have learned by reasonable inquiry."

Quoting the foregoing portion of the opinion of the Iowa court, our Supreme Court in the Sebastian-Cheney case said:

"All that is here said, and more, may be said of the case at bar. The laws of this State empower the county attorney to hear complaints and to determine whether or not the facts stated constitute an offense; and also make it his duty, in the event that he decides that an offense against the law has been committed, to take charge of the case and prosecute in the name of the State. It is to be presumed that the county attorney would not be influenced by any private spite or interest of the complainant, and that no citizen would be prosecuted by the public prosecutor except upon what the officer believed to be reasonable ground for such proceeding. It is therefore evident that if the State has selected a proper officer to represent it, no malice of the informant can influence the prosecution, unless it be to suppress a part of the facts or to state that which was not true, in which event, if knowingly done, he would not be protected from punishment by having secured the advice of the prosecuting attorney. If the public

prosecutor should be incompetent, the citizen who relies upon his advice should not be held liable for such incompetence."

And in reversing the judgment of the Court of Civil Appeals affirming the judgment of the trial court against the defendant Sebastion, the Supreme Court stated that it did so "because the advice of the county attorney, if given upon a fair statement, is a defense against the action for damages." We understand the effect of the ruling to be to establish in this State as matter of law that the advice of the State's attorney, given as such and in the discharge of his official duty, upon a fair statement of the facts, is probable cause which will justify the institution of a prosecution. Whether this "fair statement" must include not only the facts known to the defendant, but also the facts which might have been known to him as the result of such inquiry as a reasonable prudent person would have made, is not so clear. A determination of the question on the facts of the case as made by the record then before the court does not appear to have been necessary. But the question was directly before the court in the Iowa case, and the observations made there were approved by our Supreme Court. The question also was directly before the Supreme Court of California in Dunlap v. New Zealand, F. & M. Ins. Co., 109 Cal., 368, where the conclusion reached in the Johnson-Miller case was approved. Practically the same conclusion seems to have been reached by the Supreme Court of Oregon in Hess v. Oregon G. Baking Co., 49 Pac., 803. And see Schippel v. Norton, 16 Pac., 804; 1 Cooley on Torts, 320 et seq.; 4 Suth. Dam., sec. 1240. The reasoning of the court in the Sebastian-Cheney case we think is sound, and suggests as the wise and just rule in such cases that advice of the State's counsel is a complete defense when it appears that the defendant before obtaining and acting upon such advice made a full and fair disclosure to such attorney of all the facts within his knowledge. If he makes such a disclosure, and the facts disclosed do not furnish probable cause for instituting a prosecution, he is entitled to be so advised by such attorney; and the duty, it seems to us, of making further inquiry then properly would rest on the State's attorney and its other officers charged with the enforcement of the criminal laws. If such an attorney, through ignorance, or carelessness, or other cause, on facts disclosed to him which do not justify the institution of a prosecution, and without inquiry as to other facts which such disclosure might suggest as proper to be made, nevertheless advises the citizen to institute the prosecution, the latter should not be held liable in damages to the injured person. In an effort to protect the individual citizen, the rights of the public should not be lost sight of. If competent and faithful public officers are secured to represent the public, the individual will be fairly secured in his right of freedom from unjust and malicious prosecutions by the rule which makes liable to him in damages the person who by a false, incomplete or unfair statement of the facts within his knowledge to the State's attorney induces the latter to commence a prosecution against him. To go further in an effort to protect the individual, and hold liable for damages to him the person who makes a full, fair and complete statement of all he knows, but who fails before doing so to exhaust all lines of inquiry which might be suggested to

a reasonably prudent person, would be in effect to relieve the State's officer of and impose on the citizen a duty properly resting on the officer. Will. C. C. P., arts. 32 to 36; Sayles' Stat., art. 284; and would tend strongly to discourage the performance by the citizen of the duty he owes to report violations of the criminal laws. We do not believe that the greater protection which might be afforded to the individual by holding the complaining citizen to such an inquiry should be held to outweigh the injury to the public which reasonably could be expected to follow as the result of placing on such citizen a burden and a responsibility which properly belongs alone to the public prosecutor.

The conclusion reached by us that the charge in the particular complained of was erroneous, is not opposed to the holding of the Court of Civil Appeals in Kleinsmith v. Hamlin, 60 S. W., 994, cited by appellee. We do not think and do not hold that the advice of the assistant county attorney would be an answer to appellee's suit, if such advice was based on a statement made by appellant's agents known by them to be false in material parts thereof, or if it failed to include all material facts known to them. We go no farther than to hold that if it should be shown that the statement was a full and fair one of all the material facts known to them, the advice of the assistant county attorney would be probable cause for the prosecution commenced, notwithstanding it might also be shown that by the exercise of reasonable diligence in making inquiry other material facts might have been ascertained by appellant's agents.

By its second assignment of error appellant urges that the charge of the court was erroneous in that it failed to instruct the jury that they must find that the charge of embezzlement made against appellee was in fact false before they could find for appellee. In support of this contention appellant cites Hurlbut v. Boaz, 4 Texas Civ. App., 371. There the trial court had failed to so instruct the jury, and had refused a charge requested so instructing them. In disposing of the assignment based on such failure and refusal of the trial court, the Court of Civil Appeals said: "If the plaintiff was guilty of the crime charged, although acquitted, he could not recover, even though there did not exist at the time of the prosecution a knowledge of facts within the possession of the defendants that would warrant a probable cause for the prosecution. The plaintiff may be guilty, although probable cause for the prosecution did not exist at the time of its inception. There is no presumption in favor of the innocence of the plaintiff; and as said in the case of Wheeler v. Nesbitt, 24 How., 549, 'because the evidence is negative in character does not relieve the plaintiff from the burden of its proof.' We believe the issue presented in the special charge should have been given to the jury, along with those covered by the general charge." In the case cited by the Court of Civil Appeals (Wheeler v. Nesbitt, 24 How., 549), the Supreme Court of the United States said: "To support an action for a malicious prosecution, the plaintiff must prove, in the first place, the fact of prosecution and that the defendant was himself the prosecutor, or that he instigated its commencement, and that it finally terminated in his acquittal. He must prove that the charge preferred against him was unfounded, and

that it was made without reasonable or probable cause, and that the defendant in making or instigating it was actuated by malice. Proof of these several facts is indispensable to support the declaration, and clearly the burden of proof, in the first instance, is upon the plaintiff to make out his case, and if he fails to do so in any one of these particulars, the defendant has no occasion to offer any evidence in his defense." We would have no difficulty in holding on these authorities that the charge was subject to the objection urged to it, but for the seemingly conflicting view taken by another Court of Civil Appeals in Porter v. Martyn, 32 S. W., 733, relied upon by appellee. There the court held that a charge which required that the prosecution should have been without probable cause, necessarily required that it should have been false. We are inclined to the belief that the ruling in the Hurlbut-Boaz case is correct, however, and that the conclusion in the Porter-Martyn case that a charge which required that the prosecution should have been without probable cause necessarily included a finding that the charge against the plaintiff was false, is erroneous. It might very well happen that the plaintiff in fact was guilty of the offense charged, and yet be true that the defendant at the time he commenced the prosecution had not probable cause to believe him to be guilty. If, as said in the Wheeler-Nesbitt case, proof that the charge was without foundation is indispensable to support the action, appellee's contention that the error in the charge, if any, was one of omission which could not be availed of in the absence of a requested charge covering the omission, can not be sustained. If proof that the charge was without foundation was indispensable, instructions omitting it as an element entering into plaintiff's right to recover would be fundamentally erroneous, and the rule invoked by appellee would not apply. On another trial we think the court should require the jury to find before returning a verdict for appellee that the charge against him was without foundation in fact.

On the measure of damages the court instructed the jury as follows:

"If you find for the plaintiff, you will allow him such sum as will now reasonably compensate him in cash for the injuries, if any, he has sustained, taking into consideration the loss of time, if any, he has sustained since the 19th day of December, 1905, as the direct and proximate result of said prosecution and the loss of time, if any, which he may sustain in the future as the direct and proximate result of said prosecution, and the injury to his feelings, name, fame and reputation, if any, he has sustained as the direct and proximate result of said prosecution."

The objection urged to the charge is that it authorized a recovery of damages on account of loss of time of appellee in the future, in the absence of either pleadings or evidence to support such a recovery. In his petition appellee alleged that at the time the prosecution was commenced against him he was earning as a ticket agent $90 per month; that he was in line of promotion with a reasonable prospect of earning in the near future $150 per month, and that as a result of the prosecution against him he had since been unable to procure employment, and would "never be able to procure employment from any railway company in the future." There was evidence tending to support these

allegations, and it may be that on the grounds urged the portion of the charge complained of is not objectionable; but on other grounds ·we are inclined to think it is.  If in such cases damages for loss of time in the future are recoverable at all, we think they would not be recoverable on an allegation and proof merely that the plaintiff would not be able to procure in the future employment of a particular kind.  He might not, and yet be able to procure employment of another kind for which he was fitted, whereby he could earn as much or more than he could earn in the particular employment.  In such an event he would suffer no damage as a result of a loss of time.

The fourth assignment—complaining of the action of the court in refusing a special charge requested—is sufficiently disposed of by what we have said in disposing of the first assignment.  The fifth attacks the sufficiency of the evidence to support the verdict and judgment.  As the cause will be ·remanded for a new trial, we content ourselves by saying that we think the case on the evidence in the record properly was one for the jury to pass upon.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*