**Charles Michael HENRICH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00819 CR.**

Court of Appeals of Texas, Dallas.

Dec. 12, 1983.

Discretionary Review Granted May 9, 1984.

Frank Jackson, Angie Henson, Dallas, for appellant.

Anne B. Wetherholt, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, GUILLOT and ROWE, JJ.

GUILLOT, Justice.

This is an appeal from a conviction for theft of property of the value of $10,000 or more for which the jury assessed a punishment of five years and a fine of $10,000. Because the trial court failed to grant appellant's motion to suppress, we reverse and remand the case to the trial court.

At the outset we must point out that this is a case of first impression dealing with the issue of whether a violation of Supreme Court of Texas, Rules Governing the State Bar of Texas art. XII Section 8 (Code of

Professional Responsibility) DR 7–104 (1973)[1] results in the suppression of evidence pursuant to TEX.CODE CRIM. PROC.ANN. art. 38.23 (Vernon 1979).

Appellant and an accomplice, Walter Lowe, made false invoices for material that was never shipped to their employer, Lone Star Gas. When the invoices were paid, appellant and Lowe would pocket the money. Lone Star Gas discovered the fraud and filed a complaint with the District Attorney's office. The District Attorney wrote appellant and Lowe informing them of the complaint. Lowe then retained an attorney who accompanied him to the office of Steve Khoury, the assistant district attorney assigned to the case. There Lowe, at Khoury's instructions, agreed to tape phone conversations with appellant. He did so on three separate occasions. It is undisputed that at the time Khoury told Lowe to tape the conversations he knew that appellant had already retained a lawyer.

DR 7–104 provides in pertinent part that:

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

In his first ground of error, appellant contends that the court erred in overruling his motion to suppress the taped conversations which were obtained in violation of state law. The crux of appellant's argument is that DR 7–104, Texas Code of Professional Responsibility, prohibited the assistant district attorney from causing the phone conversations to be made. He further contends that, because of such prohibition, the evidence on the tapes was admitted in violation of TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979) which, simply put, states that no evidence obtained in violation of state law can be admitted.

The first question we must address is whether the disciplinary rules of the Code of Professional Responsibility have the status of law. The courts have held that they have the same force and effect as the Texas Rules of Civil Procedure have to the matters to which they relate. *State ex rel. Chandler v. Dancer*, 391 S.W.2d 504 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.); *Rattikan Title Co. v. Grievance Committee of the State Bar of Texas*, 272 S.W.2d 948 (Tex. Civ.App.—Fort Worth 1954, no writ). The next question, then, is what force and effect have the Rules of Civil Procedure? The Rules of Civil Procedure have the same force and effect as statutes. *Missouri Pacific Railroad Co. v. Cross*, 501 S.W.2d 868 (Tex.1973); *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959). Consequently, when the assistant district attorney violated DR 7–104, it was the same as violating a statute. Because the evidence obtained through the taped conversations was obtained in violation of a statute, the trial judge should have granted appellant's motion to suppress pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979). We sustain appellant's first ground of error and reverse and remand.

---

1. Hereinafter cited as Texas Code of Professional Responsibility.