Charles Michael **HENRICH**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 140–84.**

Court of Criminal Appeals of Texas,
En Banc.

July 24, 1985.

Frank Jackson, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Steve Webster and Cheryl Jerome, Asst. Dist. Attys., Dallas, Robert Huttash, State's Attorney and Alfred Walker, First Asst. State's Atty., Austin, for the State.

ONION, Presiding Judge.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

Appellant was convicted of theft of property of the value of $10,000 or more. The jury assessed punishment at five years' imprisonment and a fine of $10,000.

On appeal the appellant contended the trial court erred in denying his motion to suppress certain tape recordings for the reason that the tapes were obtained in violation of state law. The Dallas Court of Appeals noted the question was one of first impression—whether a violation of Supreme Court of Texas, Rules Governing the State Bar of Texas art. XII, § 8 (Code of Professional Responsibility), DR 7–104 (1973) results in the suppression of evidence pursuant to Article 38.23, V.A.C.C.P. That court held that DR 7–104 had the status of law, that the disciplinary rules of the Code of Professional Responsibility have the same force and effect as the Texas Rules of Civil Procedure as to matters to which they relate, that the said Rules of Civil Procedure have the same force and effect as statutes, and that when the assistant district attorney violated DR 7–104, the Court should have granted the motion to suppress the tape recordings pursuant to the provisions of Article 38.23, V.A.C.C.P. The Dallas Court of Appeals thus sustained this first ground of error and reversed the conviction. *Henrich v. State,* 666 S.W.2d 185 (Tex.App.—Dallas 1983). We granted the State's petition for discretionary review to determine the correctness of the decision by the Court of Appeals.

Appellant, an employee of the Lone Star Gas Company, and an accomplice, who was in the forms business, created false invoices in the name of bogus companies for material which was paid for, but never shipped to the Lone Star Gas Company. Appellant and his accomplice pocketed the

money paid by Lone Star Gas Company. The gas company discovered the thefts and appellant was questioned about the irregularities in the purchasing department. The matter was brought to the attention of the District Attorney.

During the investigation of the case, the District Attorney's office sent notices to the appellant and his accomplice, Walter Paul Lowe. Both Lowe and appellant retained counsel. Lowe and his attorney went to the District Attorney's office. Assistant District Attorney Steve Khoury asked for Lowe's cooperation in the investigation, and asked Lowe to tape record any telephone conversations he had with the appellant. At the time Khoury knew appellant was represented by counsel, but it was during the course of an investigation and the indictment against the appellant was not returned until several months later. Khoury explained at the suppression hearing his request to Lowe was to make sure that Lowe's story to the prosecution could be verified and confirmed, to prevent the appellant from taping conversations with Lowe and distorting them at a later date, and finally to discover facts important to the criminal investigation and any later indictment. While the record is not as clear as it could be, it appears that taped recordings were made in the district attorney's office when Lowe returned telephone calls originally made by the appellant. Lowe was instructed not to talk to appellant without the tape recorder being in operation. Three such conversations were taped, two in August, 1981 and one in September, 1981. It was Khoury's testimony that he never personally communicated with the appellant.

Article 38.23, V.A.C.C.P. (1965), provides in part as follows:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution *or laws of the State of Texas*, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." (Emphasis supplied.)

Said DR 7–104 provides, in pertinent part, that:

"(A) During the course of his representation of a client a lawyer shall not:

"(1) *Communicate or cause another to communicate* on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party *or is authorized by law to do so.*" (Emphasis supplied.)

The very question before the Dallas Court of Appeals was before this Court only shortly thereafter in *Pannell v. State*, 666 S.W.2d 96 (Tex.Cr.App.1984), which involved DR 7–104. There we held that the disciplinary rules of the Code of Professional Responsibility are not "laws" of the State of Texas as contemplated by Article 38.23, supra. For the reasons stated therein, we adhere to our decision in *Pannell*.[1]

Although the State argues there are additional reasons [2] to reverse the judgment

---

1. In *Roy v. State*, 608 S.W.2d 645, 651 (Tex.Cr.App.1980), this Court rejected the "novel" proposition that evidence (videotape) should be suppressed under Article 38.23, supra, because the Shadetree Landscaping Company (a police "sting" operation to apprehend thieves) was not registered under the Assumed Name Statute. Tex.Bus. and Comm.Code, Article 36.10.

2. In his brief the District Attorney argues that even if DR 7–104 has the status of "law" within the meaning of Article 38.23, supra, the rule has no application to the facts in the instant case. He points out the Assistant District Attorney did not personally communicate with the appellant and did not cause Lowe to communicate with the appellant as it was the appellant who initiated each conversation. Lowe only returned the call once he was prepared to tape the conversation.

The State's Prosecuting Attorney (before the Court of Criminal Appeals) also argues that if DR 7–104 has the status of "law" the Court of Appeals overlooked the fact the prohibition contained therein applies "unless he ... is authorized by law to do so." The argument is advanced that the prosecuting attorney is authorized by law to investigate alleged criminal violations and that is what the assistant district attorney was doing in the instant case, that prosecution necessarily entails investigation and that it is his duty not only to "make cases" against the guilty

of the Court of Appeals, we rest our decision on *Pannell.*

The judgment of the Court of Appeals is reversed and the cause remanded for consideration of other grounds of error urged.

TEAGUE, J., dissents for reasons stated in the dissenting opinion he filed in *Pannell v. State,* 666 S.W.2d 96 (Tex.Crim.App. 1984).

CLINTON, J., not participating.

but to protect the innocent and see that justice is done. Cf. Article 2.01, V.A.C.C.P.

In *Shepperd v. Alaniz,* 303 S.W.2d 846 (Tex. Civ.App.—San Antonio 1957), it was stated:

"It has always been the principal duty of the district and county attorneys to *investigate* and prosecute the violation of all criminal cases, including the election laws, and these duties cannot be taken away from them by the Legislature and given to others." (Emphasis supplied.)

In *Thomas v. Cisneros,* 596 S.W.2d 313 (Tex. Civ.App.—Austin 1980), the Court, at p. 318, wrote:

"Having received this information revealing a possible crime, it was the duty of the District Attorney to *investigate* and determine whether appellant had been joking … and any other circumstances material to the mens rea required by Section 36.06 of the Penal Code." (Emphasis added.) See also *Missouri, K. & T. Ry. Co. of Texas v. Groseclose* [50 Tex.Civ.App. 525] 110 S.W. 477 (1908, no writ history); *Johnson v. Miller,* 69 Iowa 562, 29 N.W. 743, 750 (1886); Attorney General's Opinions H–167 (11/30/73) and M–1180 (7/26/72); 27 C.J.S. 670–671, District and Pros. Attys., § 14(1); A.B.A. Standards for Criminal Justices, 2nd Ed., Standard 3-3.1. The State's Prosecuting Attorney believes the exception in DR 7-104 is here applicable.