Charles Michael **HENRICH,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–82–00819–CR.

Court of Appeals of Texas,
Dallas.

Sept. 25, 1985.

Rehearing Denied Oct. 7, 1985.

Frank Jackson, Jackson, Sorrels, Shapiro & Anton, Dallas, for appellant.

Anne B. Wetherholt, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, GUILLOT and McCLUNG, JJ.

GUILLOT, Justice.

On remand from the Court of Criminal Appeals, 694 S.W.2d 341, we withdraw our former opinion and substitute the following.

This is an appeal from a conviction for theft of property with a value of $10,000 or more, for which the jury assessed a punishment of five years and a fine of $10,000. We affirm the conviction.

Appellant and an accomplice, Walter Lowe, made false invoices for material that was never shipped to their employer, Lone Star Gas. When the invoices were paid, appellant and Lowe would pocket the money. Lone Star Gas discovered the fraud and filed a complaint with the District Attorney's office. The District Attorney wrote appellant and Lowe informing them of the complaint. Lowe then retained an attorney who accompanied him to the office of Steve Khoury, the assistant district attorney assigned to the case. There Lowe, at Khoury's instructions, agreed to tape phone conversations with appellant. He did so on three separate occasions. It is undisputed that at the time Khoury told Lowe to tape the conversations he knew that appellant had already retained a lawyer.

In his first ground of error, appellant contends that the court erred in overruling his motion to suppress the taped conversations which were obtained in violation of state law. The crux of appellant's argument is that DR 7–104, Texas Code of Professional Responsibility, prohibited the assistant district attorney from causing the phone conversations to be made.

DR 7–104 provides in pertinent part that:

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

He further contends that because of such prohibition, the evidence on the tapes was admitted in violation of TEX.CODE CRIM. PROC.ANN. art. 38.23 (Vernon 1979) which, simply put, states that no evidence obtained in violation of state law can be admitted. This contention was overruled in *Pannell v. State*, 666 S.W.2d 96 (Tex.Crim. App.1984) (en banc). We do likewise.

In his second ground of error, appellant contends that the trial court erred in denying his motion to suppress the evidence obtained from appellant's briefcase for the reason that such evidence was obtained during an illegal search. Contending that Vernon's Ann. C.C.P. art. 38.-23 restricts searches by those who are not government officials, appellant states that the private investigator hired by Lone Star Gas could not search his briefcase. We need not reach this issue as the record reflects that appellant consented to the private investigator's examination of the contents of appellant's briefcase. Whether appellant's consent to allow examination of the briefcase was voluntary must be determined from the totality of the circumstances. *Paprskar v. State*, 484 S.W.2d 731, 737 (Tex.Crim.App.1972). The totality of the circumstances in the instant case shows that the consent was voluntary. We overrule appellant's second ground.

In his final ground of error, appellant contends that the trial court erred in overruling his best evidence objection to Walter Lowe's testimony concerning the taped conversations. The record reflects that the tapes were played to the jury; that appellant had the opportunity to cross-examine Lowe on his testimony as to what was stated in the tapes; and that Lowe's

testimony was offered in lieu of the tapes. We overrule this ground.

Affirm.