NUMBER 13-99-764-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 

EDWARD F. PORTER , Appellant,


v.


THE STATE OF TEXAS , Appellee.

 

On appeal from the 377th District Court

of Victoria County, Texas.

 

O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez


This is an appeal by Edward Porter ("Porter") of a trial court's denial of a motion to suppress and denial of a motion for
mistrial. Porter was found guilty, by a jury, of selling crack cocaine and sentenced to seven years in prison. He challenges
his conviction by two points of error. We affirm the trial court's judgment.

STATEMENT OF FACTS

On February 23, 1999, Jayvell Barnes ("Barnes"), a confidential informant, participated in an undercover investigation in
order to purchase crack cocaine in Victoria, Texas, in an area known for the street sales of crack cocaine. He was outfitted
with two listening devices, and sent to purchase crack cocaine from a willing seller. After Barnes drove around the area for
a while searching for a seller, he spotted Porter, a longtime neighbor and social acquaintance of Barnes. Porter stepped into
Barnes's car and proceeded to sell him seven rocks of crack cocaine for $100.00. Subsequently, Porter was arrested and
convicted for the unlawful delivery of a controlled substance.

 Barnes came to be a confidential informant because he was well known in the crack cocaine circle, and knew many people
who were involved in the business of selling crack. At one point, his house was used to facilitate the crack sales. After
another informant turned Barnes in for facilitating these sales, Barnes agreed to become a confidential informant. During
the time Barnes acted as a confidential informant for the Victoria Police Department, he was also on parole.

 ANALYSIS

In point of error one, Porter argues the trial court erred in denying his motion to suppress. Prior to trial, Porter filed a
motion to suppress the evidence and testimony of Barnes, asserting that the evidence was obtained in violation of article
38.23 of the Texas Code of Criminal Procedure. Article 38.23 provides that no evidence obtained by an officer or other
person in violation of any provisions of the Constitutions or laws of the State of Texas, or of the Constitution or laws of the
United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. Tex. Code
Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2001). During the time Barnes was a confidential informant he was also on
parole for committing forgery. As a condition of his parole, Barnes could not enter into any agreement to act as "informer"
or special agent for any law enforcement agency without specific written approval from the Director of the Pardons and
Parole Division. Therefore, Porter asserts the trial court erred in admitting the evidence because it was obtained in
violation of Barnes's parole conditions, and hence in violation of the law. 

In reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determination
of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's
credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). We afford the same amount of deference to the trial court's ruling on "application of law to fact
questions," also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating
credibility and demeanor. Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d at 89. However, we review de novo questions of
law and "mixed questions of law and fact" that do not turn on an evaluation of credibility and demeanor. Ross, 32 S.W.3d
at 856; Guzman, 955 S.W.2d at 89. A review of a trial court's ruling on a motion to suppress presents an application of law
to a fact question. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999). 

In this case, the trial judge did not specify his reasons for denying the motion to suppress. Where, as here, no findings of
fact are filed by the trial court, "we view the evidence in the light most favorable to the trial court's ruling and assume that
the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record."
Ross, 32 S.W.3d at 855. If the trial judge's ruling on a motion to suppress is correct on any theory of the law applicable to
the case, we will sustain it. State v. Avila, 910 S.W.2d 505, 508 (Tex. App.--El Paso 1994, pet. ref'd). 

The issue before us presents a mixed question of law and fact that does not turn on an evaluation of the credibility of the
witnesses. Guzman, 955 S.W.2d at 89. We will, therefore, utilize a de novo standard of review. See id.

The undisputed evidence reveals that Barnes was on parole at the time in question, and that, as a condition of parole, he
was not to enter into an agreement to act as an informer for law enforcement without prior written approval.

Parole is the discretionary and conditional release of an eligible inmate from the physical custody of the institutional
division of the Texas Department of Criminal Justice to serve the remainder of the sentence under the supervision and
control of the pardons and paroles division of the Texas Department of Criminal Justice. Tex. Gov't Code Ann. §
508.001(6) (Vernon Supp. 2001). Every inmate approved for release on parole is issued a written statement listing the
conditions of parole, which must be signed and agreed to by the inmate prior to release. 37 Tex. Admin. Code § 145.22
(2001). Continuance on parole is conditioned upon full compliance with all conditions. Id. With very few exceptions, the
authority to determine conditions of parole has been delegated to the board of pardons and parole. Tex. Gov't Code Ann.
§§ 508.044(b)(2), 508.181-189 (Vernon 1998 and Vernon Supp. 2001). The parole condition at issue is not specifically
among the mandatory conditions required by chapter 508 of the government code, and therefore, the only authority for the
imposition of this condition of parole is the rulemaking authority granted to the board of pardons and paroles. Tex. Gov't
Code Ann. §588.044(b)(2) (Vernon Supp. 2001). It is clear from numerous decisions of the court of criminal appeals that
mere noncompliance with administrative agency rules does not provide a basis for the exclusion of evidence under article
38.23. Henrich v. State, 694 S.W.2d 341, 342 (Tex. Crim. App. 1985); Pannell v. State, 666 S.W.2d 96, 98 (Tex. Crim.
App. 1984). 

Accordingly, we find that the State did not obtain evidence in violation of any law. Point of error one is overruled. 

Next, in point of error two, Porter contends the trial court erred in denying his motion for mistrial, asserting the State's
attorney attempted to prejudice the jurors by implying Porter was somehow responsible or connected to certain death
threats against Barnes. During the trial, the State's prosecutor attempted to question the witnesses regarding death threats
that had been made against Barnes. Porter objected and the trial judge instructed the jury to disregard the questioning.
Porter asserts the State's prosecutor was clearly trying to prejudice the jurors against him by implying he was somehow
connected to and responsible for the threats against Barnes. Further, Porter argues the curative instruction was insufficient
to cure the error because the State's improper questions amounted to putting evidence of death threats against Barnes before
the jury. Therefore, Porter argues, the trial court erred in denying his motion for mistrial.

A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense
would be wasteful and futile. Thus, a trial court may properly exercise its discretion to declare a mistrial if an impartial
verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an
obvious procedural error. Hernandez v. State, 805 S.W.2d 409, 413-414 (Tex. Crim. App. 1990). The asking of an
improper question will seldom call for a mistrial, because, ordinarily, a prompt instruction to disregard will cure error
associated with an improper question and answer. Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). Moreover,
when a witness has not had the opportunity to answer an improper question, an instruction to disregard will usually cure
any harm to the defendant. Cooks v. State, 844 S.W.2d 697, 735 (Tex. Crim. App. 1992). The only exception is when the
question is so inflammatory that an instruction to disregard could not withdraw the impression from the jurors minds. Id. A
trial court's denial of a mistrial is reviewed under an abuse of discretion standard. Wood v. State, 18 S.W.3d 642, 648 (Tex.
Crim. App. 2000).

We discern no abuse of discretion in the trial court's denial of a mistrial. On two of the three occasions complained of, the
witnesses were not allowed the opportunity to answer the questions in issue because the trial court sustained timely
objections. Further, none of the questions actually asserted that Porter had made death threats against Barnes, and therefore
we find that the trial court could have reasonably concluded that these questions were not so inflammatory as to be
incurable by an instruction to disregard. Additionally, we note that while under cross-examination by Porter's counsel,
Officer Herb Tucker testified, without objection, that death threats had been made against Barnes. Therefore, any harm,
which may have resulted from the initial improper questioning, was later rendered harmless by Porter's failure to object to
Officer Tucker's testimony. See Leday v. State, 983 S.W.2d 713, 718-719 (Tex. Crim. App. 1998) (holding that improper
admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not
challenged).

We overrule point of error number two. 

CONCLUSION

Therefore, upon review of the record, points of error one and two are overruled. We AFFIRM the judgment of the trial
court. 



_____________________

ROGELIO VALDEZ

Chief Justice

Do not publish.

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 23rd day of August, 2001.